

October 24, 2023

VIA ELECTRONIC FILING

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

     Re: *Robinson* v. *Ardoin*; *Galmon* v. *Ardoin*, No. 22-30333
     Response to Defendants-Appellants Rule 28(j) Letter

Dear Mr. Cayce:

     Plaintiffs-Appellees write in response to the Rule 28(j) letter from Defendants-Appellants dated October 20, 2023. Defendants attached a Supreme Court order declining to stay the writ of mandamus issued to the district court and the district court's order rescheduling the remedial hearing for the week of February 5, 2024. Both orders, and the proceedings that led to them, counsel against reversing the injunction.

     Defendants argue that proceeding directly to trial is necessary to ensure that the case reaches final judgment before the 2024 elections. Defendants made this same argument to the mandamus panel. Instead, the mandamus panel ordered the district court to *postpone* the remedial hearing until after the Legislature was given additional time to enact a remedial map. Plaintiffs appealed to the Supreme Court, noting that Defendants had never claimed that the Legislature needed time to enact a remedial map or that postponing the remedial hearing would


enable it to enact such a map. Yet Defendants defended the mandamus order, thereby endorsing the delay.

During an October 17, 2023, status conference, the district court initially indicated it would set the remedial hearing for mid-January to give the Legislature 90 days to enact a remedial map, but after Defendants requested an additional postponement, it set the hearing to commence February 5, 2024. *See* Exs. 1-2. The district court's re-setting of a remedial hearing was consistent with the mandamus order and the Supreme Court's June 26, 2023, order that the matter proceed "in the ordinary course and in advance of the 2024 congressional elections."

Neither order indicates that the preliminary injunction should be reversed, vacated, or otherwise rendered ineffective. The district court should be permitted to establish an interim remedy to protect against further harm to Plaintiffs before proceeding to trial on the merits, particularly where it is Defendants who have insisted on delaying resolution by at least another four months. Other than defendants' repeated efforts to slow-walk this case, there is no impediment to a trial on the merits well ahead of the 2024 elections.


Date: October 24, 2023

By: */s/Abha Khanna*
Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Jacob D. Shelly
Daniel Cohen
Qizhou Ge
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400 Washington, D.C. 20001
(202) 968-4490

J. E. Cullens, Jr.
Andrée Matherne Cullens
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One Baton Rouge, LA 70810
(225) 236-3636

*Counsel for Galmon Plaintiffs*

Respectfully submitted,

By: */s/Adam P. Savitt*
Jonathan H. Hurwitz
Robert A. Atkins
Yahonnes Cleary
Amitav Chakraborty
Adam P. Savitt
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue Of The Americas, New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
jhurwitz@paulweiss.com
ratkins@paulweiss.com
ycleary@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

Sophia Lin Lakin
Megan Keenan
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
mkeenan@aclu.org


Leah Aden
Stuart Naifeh
Kathryn Sadasivan
Victoria Wenger
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense and
Educational Fund, Inc.
700 14th Street N.W. Ste.
600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon
American Civil Liberties Union
Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

T. Alora Thomas-Lundborg
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu

Tracie L. Washington
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

*Counsel for Robinson Plaintiffs*

cc:    All counsel of record (via electronic filing)


# CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Adam P. Savitt, hereby certify that the foregoing is 335 words, which complies with the limit in Federal Rule of Appellate Procedure 28(j). It complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it is printed in 14-point Century Schoolbook font, a proportionally spaced typeface with serifs.

/s/*Adam P. Savitt*
ADAM P. SAVITT

OCTOBER 24, 2023



# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24th day of October, 2023, a true copy of the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send by email a notice of docketing activity to the registered Attorney Filer on the attached electronic service list.

/s/*Adam P. Savitt*
ADAM P. SAVITT

October 24, 2023

# Exhibit 1

1        UNITED STATES DISTRICT COURT

2        MIDDLE DISTRICT OF LOUISIANA

3

4  PRESS ROBINSON, ET AL      *      CIVIL ACTION

5  VERSUS                     *      NO. 3:22-211

6  KYLE ARDOIN, ET AL         *      OCTOBER 17, 2023

7

8                                    CONSOLIDATED WITH

9

10 EDWARD GALMON SR., ET AL    *      NO. 3:22-214-SDD

11 VERSUS                     *

12 KYLE ARDOIN, ET AL         *

13

14              STATUS CONFERENCE BEFORE
                THE HONORABLE SHELLY D. DICK
15           UNITED STATES CHIEF DISTRICT JUDGE

16

17 APPEARANCES:
   FOR THE ROBINSON              PAUL, WEISS, RIFKIND, WHARTON &
18 PLAINTIFFS:                   GARRISON, LLP
                                 BY:  AMITAV CHAKRABORTY, ESQ.
19                               1285 AVENUE OF THE AMERICAS
                                 NEW YORK, NEW YORK 10019
20
   FOR THE ROBINSON              ADCOCK LAW FIRM, LLC
21 PLAINTIFFS:                   BY:  JOHN N. ADCOCK, ESQ.
                                 3110 CANAL STREET
22                               NEW ORLEANS, LOUISIANA 70119

23 FOR THE GALMON PLAINTIFFS:    ELIAS LAW GROUP, LLP
                                 BY:  JACOB D. SHELLY, ESQ.
24                               250 MASSACHUSETTS AVENUE, NW
                                 SUITE 400
25                               WASHINGTON, DC 20001

```
 1   FOR THE LEGISLATIVE BLACK     STEPHEN M. IRVING, LLC
     CAUCUS:                       BY:  STEPHEN M. IRVING, ESQ.
 2                                 111 FLOUNDERS DRIVE, SUITE 700
                                   BATON ROUGE, LOUISIANA 70810
 3
                                   THOMAS LAW FIRM
 4                                 BY:  ARTHUR RAY THOMAS, ESQ.
                                   3313 GOVERNMENT STREET
 5                                 BATON ROUGE, LOUISIANA 70806

 6   FOR KYLE ARDOIN, IN HIS       NELSON MULLINS RILEY AND
     OFFICIAL CAPACITY AS          SCARBOROUGH, LLP
 7   SECRETARY OF STATE:           BY:  PHILLIP J. STRACH, ESQ.
                                   301 HILLSBOROUGH STREET, SUITE 1400
 8                                 RALEIGH, NORTH CAROLINA 27603

 9   FOR THE LEGISLATIVE           BAKER & HOSTETLER
     INTERVENORS CLAY              BY:  KATHERINE L. MCKNIGHT, ESQ.
10   SCHEXNAYDER AND PATRICK       1050 CONNECTICUT AVENUE, NW,
     CORTEZ:                       SUITE 1100
11                                 WASHINGTON, DC 20036

12   FOR THE INTERVENOR            LOUISIANA'S OFFICE OF THE ATTORNEY
     DEFENDANT STATE OF            GENERAL
13   LOUISIANA:                    BY:  ANGELIQUE D. FREEL, ESQ.
                                   1885 NORTH THIRD STREET
14                                 BATON ROUGE, LOUISIANA 70802

15

16   OFFICIAL COURT REPORTER:      SHANNON L. THOMPSON, CCR
                                   UNITED STATES COURTHOUSE
17                                 777 FLORIDA STREET
                                   BATON ROUGE, LOUISIANA 70801
18                                 SHANNON_THOMPSON@LAMD.USCOURTS.GOV
                                   (225)389-3567
19

20

21          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY USING
                  COMPUTER-AIDED TRANSCRIPTION SOFTWARE
22

23

24

25
```

**(OCTOBER 17, 2023)**

THE COURT:  GOOD MORNING.

HAVE A SEAT.

I AM NOT WEARING A ROBE BECAUSE IT IS NOT A
HEARING.  IT IS JUST A STATUS CONFERENCE.

LET ME JUST CALL THE CASE FIRST AND THEN I WILL
TELL YOU KIND OF WHAT THE PLAN IS.

SUZIE, MAYBE YOU CAN CALL THE CASE FOR ME,
BECAUSE THE ONLY --

THE DEPUTY CLERK:  CIVIC ACTION NO. 22-211,
CONSOLIDATED WITH 22-214, ROBINSON PLAINTIFFS VERSUS KYLE
ARDOIN, CONSOLIDATED WITH THE GALMON PLAINTIFFS VERSUS KYLE
ARDOIN.

THE COURT:  OKAY.  I AM GOING TO LET Y'ALL MAKE
APPEARANCES IN JUST A MOMENT, BUT LET ME JUST TELL YOU HOW I
PLAN TO PROCEED THIS MORNING.

THERE ARE A LOT OF PEOPLE HERE, AND SOME VARIOUS
OTHER LAWYERS THAT COULD NOT BE HERE TODAY CALLED AND ASKED IF
THEY COULD EITHER PARTICIPATE OR AT LEAST LISTEN BY AUDIO.
THAT UNNECESSARILY COMPLICATES THINGS.  SO IN LIEU OF THAT, WE
ARE GOING TO HAVE A RECORDING OF THIS.  THE COURT REPORTER WILL
TAKE IT DOWN, SO IF THERE IS QUESTIONS LATER ABOUT WHAT WAS
SAID AND WHAT WAS ORDERED OR IF THE MINUTE ENTRY IS SOMEHOW
UNCLEAR, YOU WILL HAVE THAT OPPORTUNITY.  SO THAT IS THE
COURT'S EFFORT AT MAKING SURE THAT EVERYBODY HAS A PLACE AT THE

11:07 1    TABLE.

2              WHAT THE COURT WOULD ASK FOR THIS MORNING IS
3    THAT EACH OF THE PARTIES PUT FORWARD ONE LAWYER TO SPEAK ON
4    THEIR BEHALF, PLEASE, SO THAT WOULD BE THE PLAINTIFFS -- UNLESS
5    YOU ALL HAVE SOME REASON THAT YOU NEED THE GALMON PLAINTIFFS
6    AND THE ROBINSON PLAINTIFFS TO SPEAK SEPARATELY, I WOULD PREFER
7    THAT THERE WOULD BE ONE PERSON SPEAKING FOR THE PLAINTIFFS
8    COLLECTIVELY AND THEN ALSO ONE PERSON FOR SECRETARY ARDOIN, ONE
9    PERSON FOR EACH OF THE INTERVENORS.

10             ALL RIGHT.  WITH THAT SAID, IF YOU WOULD LIKE TO
11   DO APPEARANCES -- I DO HAVE YOUR SIGN-IN SHEET.  BUT IF YOU
12   WOULD LIKE TO MAKE APPEARANCES -- OR WHY DON'T WE JUST SAY
13   THIS:  WHY DON'T WE HAVE APPEARANCES FROM THE PARTIES WHO WILL
14   BE SPEAKING ON -- OR FROM THE COUNSEL WHO WILL BE SPEAKING ON
15   BEHALF OF THEIR PARTIES THIS MORNING, STARTING WITH THE
16   PLAINTIFFS.

17             **MR. CHAKRABORTY:**  GOOD MORNING, YOUR HONOR.
18             I'M AMITAV CHAKRABORTY ON BEHALF OF THE ROBINSON
19   PLAINTIFFS.

20             **THE COURT:**  OKAY.  THANK YOU, SIR.
21             **MR. IRVING:**  GOOD MORNING, YOUR HONOR.
22             STEPHEN IRVING FOR THE LOUISIANA LEGISLATIVE
23   BLACK CAUCUS.

24             **MR. ADCOCK:**  JOHN ADCOCK FOR THE ROBINSON PLAINTIFFS.
25             **MR. SHELLY:**  I'M JACOB SHELLY FOR THE GALMON

11:09 1  PLAINTIFFS.

2          **MR. THOMAS:**  ARTHUR THOMAS FOR THE ROBINSON

3  PLAINTIFFS.

4          **THE COURT:**  GOOD MORNING.

5              AND WHO WILL BE SPEAKING ON BEHALF OF -- MR.

6  CHAKRABORTY, YOU WILL BE SPEAKING?

7          **MR. CHAKRABORTY:**  I'LL BE SPEAKING.

8          **THE COURT:**  THANK YOU.

9              OKAY.  AND STARTING WITH SECRETARY ARDOIN.

10         **MR. STRACH:**  GOOD MORNING, YOUR HONOR.

11            PHIL STRACH FOR THE SECRETARY.

12         **THE COURT:**  AND I SUPPOSE THAT YOU WILL BE TAKING THE

13  LEAD, MR. STRACH?

14         **MR. STRACH:**  YES, YOUR HONOR.

15         **THE COURT:**  THANK YOU, SIR.

16         **MS. MCKNIGHT:**  GOOD MORNING, YOUR HONOR.

17            KATE MCKNIGHT ON BEHALF OF SPEAKER SCHEXNAYDER

18  AND PRESIDENT CORTEZ.

19         **THE COURT:**  GOOD MORNING, MS. MCKNIGHT.

20         **MR. TORCHINSKY:**  YOUR HONOR, JASON TORCHINSKY FOR

21  ATTORNEY GENERAL LANDRY.

22         **THE COURT:**  GOOD MORNING, MR. TORCHINSKY.

23            I SUPPOSE YOU WILL BE SPEAKING ON BEHALF OF THE

24  ATTORNEY GENERAL, SIR?

25         **MR. TORCHINSKY:**  YES.

11:09 1          **MS. FREEL:**  GOOD MORNING.

2                    ANGELIQUE FREEL, ALSO HERE FOR THE ATTORNEY

3     GENERAL, WITH JASON.

4               **THE COURT:**  GOOD MORNING, MS. FREEL.

5                    OKAY.  COUNSEL FOR THE LEGISLATIVE INTERVENORS.

6     HAVE WE HEARD FROM THEM?

7               **MS. MCKNIGHT:**  YES, YOUR HONOR.

8               **THE COURT:**  OH, I'M SORRY.

9               **MS. MCKNIGHT:**  THANK YOU.

10              **THE COURT:**  MY CONFUSION.

11                   OKAY.  THE COURT WILL FOLLOW THE PRINCIPLES

12    ENUNCIATED BY THE MANDAMUS PANEL AND SET A REMEDY HEARING IN

13    THREE MONTH'S TIME.  IN THE COURT'S VIEW, THIS WILL GIVE

14    SUFFICIENT TIME FOR THE LEGISLATURE TO TAKE WHATEVER

15    LEGISLATIVE ACTION THEY SO CHOOSE.

16                   THE COURT WOULD NOTE THAT THERE HAS BEEN NO STAY

17    IN PLACE SINCE JUNE OF 2023.  AND TO DATE, THERE HAS BEEN NO

18    LEGISLATIVE MOVEMENT IN THIS WAY OR IN THE DIRECTION OF A

19    REMEDIAL PLAN.  THE COURT WOULD STRONGLY INVITE THE LEGISLATIVE

20    INTERVENORS TO CALL A SESSION, IF THEY SO CHOOSE, OR, IF THEY

21    ARE SO MOTIVATED TO DO SO, TO ADOPT A REMEDIAL PLAN IN KEEPING

22    WITH THE COURT'S FINDINGS AND LEGAL CONCLUSIONS ON THE

23    PRELIMINARY INJUNCTION RULING.

24                   THE COURT HAS GONE BACK OVER THE VARIOUS BRIEFS

25    OF THE PARTIES THAT HAVE BEEN FILED OVER THE LAST 12 MONTHS AND

11:11 1  HAS REFAMILIARIZED ITSELF WITH THE TIME THAT MAY BE NEEDED FOR

2  THE LEGISLATURE TO ACT, IF THEY SO CHOOSE TO DO SO.  AND THE

3  COURT FINDS THAT THREE MONTH'S TIME WILL ALLOW SUFFICIENT TIME

4  FOR THAT PROCESS AS WELL AS ALLOW SUFFICIENT TIME FOR THE

5  MERITS PANEL TO RENDER A DECISION.  IF EITHER OF THOSE

6  THINGS -- OR BOTH OF THOSE THINGS OCCUR, THEN THE COURT WILL,

7  OF COURSE, REASSESS WHAT THAT DOES TO THE LANDSCAPE AND MAKE

8  WHATEVER NECESSARY ADJUSTMENTS ARE REQUIRED BY EITHER OF

9  THOSE -- EITHER OR BOTH OF THOSE TWO EVENTS; EITHER THE MERITS

10  PANEL MAKING A FINAL DETERMINATION OR SOME SORT OF LEGISLATIVE

11  ACTION ON A REMEDIAL PLAN.

12              WITH THAT SAID, THE COURT WILL HEAR BRIEFLY FROM

13  THE PARTIES ABOUT HOW MUCH TIME YOU NEED AND WHAT THE NATURE

14  AND EXTENT OF DISCOVERY AND THE PREPARATION OF REMEDIAL PLANS.

15              NOW, WHEN WE WERE GOING TO DO THIS BEFORE THE

16  STAY WAS ENTERED PENDING THE *MILLIGAN* CASE, THE COURT HAD

17  ORDERED THAT EACH SIDE COME FORWARD WITH A SINGLE REMEDIAL

18  PLAN.  SO I WANT TO HEAR FROM YOU ABOUT WHETHER YOU BELIEVE

19  THAT A SINGLE REMEDIAL PLAN PER SIDE IS A SUITABLE, MEANINGFUL

20  WAY TO PROCEED AND, IF SO, HOW MUCH TIME DO WE NEED TO GET --

21  OR WHAT DO YOU NEED TO GET TO THAT POINT.

22              SO LET ME HEAR FROM THE PLAINTIFFS FIRST.

23          **MR. CHAKRABORTY:**  GOOD MORNING.  AND THANK YOU, YOUR

24  HONOR.

25              YOUR HONOR, ALL THE PLAINTIFFS ARE OF THE VIEW

11:12 1 THAT WE DON'T NEED MUCH TIME AT ALL TO PREPARE FOR THE REMEDIAL

2 HEARING.  AS YOUR HONOR NOTED LAST YEAR, MORE THAN A YEAR AGO,

3 THE PREPARATION THEN WAS ESSENTIALLY COMPLETE.

4 OVER THE LAST COUPLE OF MONTHS, THE PARTIES HAVE

5 ENGAGED, IN ACCORDANCE WITH A SCHEDULE SET BY THE MAGISTRATE

6 JUDGE, WITH EXCHANGING FACT AND WITNESS LISTS.  WE STARTED

7 TAKING SOME DEPOSITIONS BEFORE THE MANDAMUS WRIT WAS FILED, AND

8 PLAINTIFFS AT LEAST SUBMITTED A PREHEARING BRIEF.  SO, YOU

9 KNOW, I THINK THERE MAY BE A FEW MORE DEPOSITIONS TO TAKE, BUT

10 BEYOND THAT AND BEYOND RECEIVING DEFENDANTS' SUBMISSIONS WITH

11 RESPECT TO THEIR PREHEARING BRIEFS AND ANYTHING ELSE, WE'RE

12 READY TO GO.

13 THE COURT:  OKAY.  ONE MAP OR MORE THAN ONE MAP?

14 MR. CHAKRABORTY:  WE WILL STICK BY OUR MAP, THE ONE

15 THAT'S CURRENTLY IN.

16 THE COURT:  OKAY.  SO I KNOW THERE WAS SOME

17 DISCUSSION WITH THE MAGISTRATE JUDGE IN THE LEAD-UP TO THE

18 PRIOR DATE ABOUT YOU-ALL WANTING TO CHANGE OR TWEAK OR DO

19 SOMETHING WITH YOUR MAP.  YOU ARE NOT IN THAT PLACE NOW?  YOU

20 ARE STAYING WITH THE MAP THAT HAS ALREADY BEEN PRODUCED AND

21 THAT THE DISCOVERY HAS ALREADY BEEN CONDUCTED?

22 MR. CHAKRABORTY:  YES, YOUR HONOR.

23 THE COURT:  OKAY.  SO A SINGLE MAP BY BOTH PARTIES --

24 BY BOTH PLAINTIFFS?

25 MR. CHAKRABORTY:  YES.

11:14 1      THE COURT:  ALL RIGHT.  AND WHAT DISCOVERY DO YOU

2    NEED OF THE DEFENDANTS' MAPS?  AND I UNDERSTAND -- I READ

3    SOMEWHERE WHERE THERE ARE NINE EXPERTS, I BELIEVE THERE IS, ON

4    THE -- COLLECTIVELY THE DEFENDANTS' SIDE.  WHAT DO YOU NEED TO

5    COMPLETE DISCOVERY THERE?

6           MR. CHAKRABORTY:  YES.  SO WE ANTICIPATE THERE ARE --

7    AS I WAS SAYING, THERE WERE SOME DEPOSITIONS THAT ARE STARTING

8    TO BE TAKEN, AND A COUPLE HAVE BEEN TAKEN WHEN THE MANDAMUS

9    WRIT WAS FILED.  SO WE'D LIKE TO COMPLETE -- TO THE EXTENT THE

10   DEFENDANTS CHOOSE TO PUT FORWARD A MAP, WE'D LIKE TO DEPOSE

11   THEIR MAPMAKER.  WE'D LIKE TO COMPLETE THE DEPOSITIONS OF THEIR

12   EXPERTS THAT THEY ARE PUTTING FORWARD FOR THE REMEDIAL HEARING.

13           BUT BEYOND THAT, YOU KNOW, WE CAN EVALUATE, BUT

14   WE DON'T REALLY SEE A NEED FOR ANY ADDITIONAL DISCOVERY THAT IS

15   GOING TO HOLD UP THE SCHEDULE.

16           THE COURT:  BUT YOU MENTIONED THE DEPOSITION OF THEIR

17   MAPMAKER AND THEN A COMPLETION OF SOME DEPOSITIONS OF SOME

18   OTHER EXPERTS.  SO HOW MANY DEPOSITIONS TOTAL ARE WE TALKING

19   ABOUT, MR. CHAKRABORTY?

20           MR. CHAKRABORTY:  YOUR HONOR, I'D HAVE TO COUNT THEIR

21   EXPERTS, BUT I BELIEVE IT'S SOMEWHERE AROUND THREE TO FIVE

22   DEPOSITIONS, AT THE MOST.

23           THE COURT:  AND WHAT ABOUT ANY FACT DISCOVERY?

24           MR. CHAKRABORTY:  NOT THAT WE CURRENTLY ANTICIPATE.

25           THE COURT:  HAD THE PARTIES -- REFRESH MY

11:15 1    RECOLLECTION.  HAD THE PARTIES ALREADY FILED WITNESS AND

2    EXHIBIT LISTS?

3            **MR. CHAKRABORTY:**  THAT'S RIGHT, YEAH.

4            **THE COURT:**  OKAY.  ARE YOU GOING TO CHANGE ANY OF

5    YOUR EXHIBIT OR WITNESS LISTS?

6            **MR. CHAKRABORTY:**  WE DO NOT PLAN TO.  BUT, AGAIN, WE

7    HAVEN'T RECEIVED A MAP FROM THE DEFENDANTS.  SO TO THE EXTENT

8    THEY HAVE ANY SUBMISSIONS THAT REQUIRE US CHANGING OUR PLANS,

9    WE ARE SET.

10           **THE COURT:**  OKAY.  ALL RIGHT.  LET ME HEAR FROM

11   COUNSEL FOR SECRETARY ARDOIN.

12           **MR. STRACH:**  YOUR HONOR, IF I MAY DEFER TO THE

13   COUNSEL FOR THE A.G. INITIALLY.

14           **THE COURT:**  SURE.

15           MR. TORCHINSKY.

16       **MR. TORCHINSKY:**  THANK YOU, YOUR HONOR.

17           I WANTED TO FIRST ASK ABOUT THE 90 DAYS.  THE

18   STATE GOVERNMENT IS IN THE MIDST OF TRANSITION, AND

19   INAUGURATION FOR THE NEW OFFICEHOLDERS TAKES PLACE JANUARY 8TH

20   AND 90 DAYS --

21           **THE COURT:**  MR. TORCHINSKY, WOULD YOU MIND STANDING

22   WHEN YOU ADDRESS THE COURT, PLEASE.

23           **MR. TORCHINSKY:**  OH, YES.

24           **THE COURT:**  THANK YOU, SIR.

25           **MR. TORCHINSKY:**  YOUR HONOR, THE INAUGURATION DATE

1    FOR THE NEW OFFICEHOLDERS IS JANUARY 8TH.  NINETY DAYS FROM

2    TODAY IS JANUARY 15TH.  THE LEGISLATURE BEFORE IT COULD CALL

3    ITSELF -- THE NEW LEGISLATURE BEFORE IT COULD CALL ITSELF INTO

4    INTO SPECIAL SESSION IS REQUIRED TO HOLD A THREE-DAY

5    ORGANIZATION SESSION, AND THEN THERE'S A CONSTITUTIONAL

6    REQUIREMENT OF SEVEN DAY'S NOTICE TO CONVENE A SPECIAL SESSION,

7    BECAUSE THE REGULAR SESSION DOESN'T BEGIN UNTIL MARCH 13TH.  SO

8    90 DAYS DOES NOT GIVE THE NEW -- THE INCOMING OFFICEHOLDERS A

9    CHANCE TO DEAL WITH A POTENTIAL REMEDIAL MAP.

10            THE COURT:  UH-HUH.

11            MR. TORCHINSKY:  BUT IF WE HAD UNTIL THE THIRTY -- OR

12   AROUND THE 31ST OR ANOTHER 10 TO 12 DAYS, IF IT WAS 100 DAYS OR

13   105 DAYS, IT WOULD ALLOW THE NEW LEGISLATURE CONVENING IN

14   JANUARY TO HOLD A SPECIAL SESSION WITH THE NEW STATEWIDE

15   OFFICEHOLDERS AND THE NEW LEGISLATURE.

16            I MEAN, EVEN RIGHT AS WE STAND HERE NOW, I

17   BELIEVE THERE'S TWO SENATORS AND 18 HOUSE SEATS STILL TO BE

18   DECIDED IN MID-NOVEMBER.  SO, YOU KNOW, WE DON'T EVEN KNOW THE

19   ENTIRE COMPOSITION OF THE NEW LEGISLATURE YET AND WE DON'T KNOW

20   THE LEGISLATIVE LEADERSHIP.  WE DON'T KNOW THE COMMITTEE

21   ASSIGNMENTS, AND ALL OF THAT HAPPENS DURING THE ORGANIZATIONAL

22   SESSION.  SO I THINK 90 DAYS IS A REAL KIND OF CUSP THRESHOLD

23   FOR US AT THIS POINT.

24            THE COURT:  OKAY.  YOU KNOW WHAT?  BE SEATED.  Y'ALL

25   KEEP YOUR SEATS.  THIS IS JUST A STATUS CONFERENCE.  I THINK WE

11:17 1  CAN DISPENSE WITH SOME OF THE FORMALITIES.

2           I TOOK THAT INTO CONSIDERATION, MR. TORCHINSKY,

3  AND HERE IS THE -- WHERE I -- I GUESS MY QUESTION IS -- OR MY

4  OBSERVATION IS THAT WHILE THERE IS GOING TO CERTAINLY BE SOME

5  CHANGE IN NOT ONLY THE EXECUTIVE LEADERSHIP OF THE STATE AND

6  ALSO SOME OF THE LEGISLATIVE LEADERSHIP AS WELL -- AND THE

7  LEGISLATIVE INTERVENORS, IN FACT, WILL CHANGE, AS WILL

8  SECRETARY ARDOIN.  I AM KEENLY AWARE OF THAT.  BUT NONETHELESS,

9  THE LEGISLATURE HAS HAD SINCE JUNE -- SINCE THE STAY WAS LIFTED

10  TO DO WHATEVER THEY WANTED TO DO WITH RESPECT TO A REMEDIAL MAP

11  AND NOTHING HAS BEEN DONE.  SO THAT IS ONE CONSIDERATION THAT

12  THE COURT HAS PONDERED.

13           THE OTHER THING IS THAT WHILE THERE IS GOING TO

14  BE A CHANGE OF LEADERSHIP ON JANUARY 9TH, THE LEGISLATORS AND

15  THE EXECUTIVE LEADERSHIP ARE STILL UNDER OATH TO DO THEIR JOBS,

16  NOTWITHSTANDING THE FACT THAT -- I GUESS YOU COULD CALL THEM A

17  LAME DUCK OR WHATEVER YOU WANT, WHATEVER THE COLLOQUIAL TERM

18  IS -- THEY STILL HAVE A CONSTITUTIONAL AND AN OATH OF OFFICE TO

19  FULFILL IN THE INTERIM.  SO I GUESS I HESITATE -- I AM -- I

20  GUESS I AM NOT CONVINCED WHY WE NEED THE ADDITIONAL TIME WHEN

21  THERE IS 90 DAYS BETWEEN NOW AND JANUARY -- I FORGET IF IT'S

22  THE 8TH OR THE 9TH.  BUT WHATEVER THE TURNOVER, THE MONDAY IS,

23  TELL ME WHY I SHOULD BE CONVINCED -- YOU CAN STAY SEATED, MR.

24  TORCHINSKY.  THANK YOU.

25           **MR. TORCHINSKY:**  I MEAN, YOUR HONOR, JUST TO POINT

11:19 1  OUT THE OBVIOUS, THERE'S CURRENTLY A DEMOCRATIC GOVERNOR AND A

2  REPUBLICAN LEGISLATURE.  AND THE LAST TIME THEY TRIED TO PASS A

3  MAP, THERE WAS A VETO FOR THAT.

4        WE ARE ABOUT TO HAVE A REPUBLICAN GOVERNOR AND A

5  REPUBLICAN CONTROLLED LEGISLATURE.  I BELIEVE IF THEY HAD AN

6  OPPORTUNITY TO PASS A MAP, THERE'S AT LEAST A MUCH MORE

7  REASONABLE CHANCE THAT YOU COULD GET A NEW MAP ADOPTED INTO LAW

8  BY THE STATE AFTER JANUARY 8TH.

9        **THE COURT:**  A REMEDIAL MAP?

10        **MR. TORCHINSKY:**  YEAH.  I THINK THERE'S A BETTER

11  CHANCE OF THAT AFTER JANUARY 8TH THAN THERE IS IF THE LAME DUCK

12  OFFICIALS HOLD A SPECIAL SESSION.

13        I MEAN, EVEN 95 DAYS WOULD GIVE US ENOUGH TIME,

14  BECAUSE THE PROBLEM IS I THINK THE ORGANIZATIONAL SESSION MAY

15  BE ABLE TO BE COMPLETED IN LESS THAN THREE DAYS, BUT THEY STILL

16  HAVE THE CONSTITUTIONAL REQUIREMENT FOR SEVEN DAY'S NOTICE TO

17  CALL A SPECIAL SESSION, AND THE REGULAR SESSION DOESN'T BEGIN

18  UNTIL MARCH 13TH.  BUT I GUESS -- YOUR HONOR, I GUESS -- I'M

19  NOT ASKING FOR MUCH MORE THAN 90 DAYS.  ANOTHER WEEK OR TEN

20  DAYS WOULD BE IDEAL TO ALLOW THE NEW LEADERSHIP TO -- SO IF WE

21  HAD 100 DAYS FROM TODAY INSTEAD OF 90 DAYS, THAT WOULD INCREASE

22  THE PROBABILITY THAT THE STATE COULD COME UP WITH A REMEDIAL

23  MAP.

24        **THE COURT:**  OKAY.  ALL RIGHT.

25        **MR. STRACH:**  YOUR HONOR, MAY I SPEAK TO THAT?

11:21 1          THE COURT:  YOU MAY, MR. STRACH.

2          MR. STRACH:  SO AS I RECALL IT, I BELIEVE THE

3   MANDAMUS PANEL HAS ALREADY ADDRESSED THIS.  IT SOUNDS TO ME

4   LIKE THE COURT IS TROUBLED BY THE FACT THAT THE LEGISLATURE

5   HASN'T COME INTO SESSION AND TRIED TO PASS A MAP.  BUT THE

6   MANDAMUS PANEL SAID -- THEY SAID "WHY WOULD THEY DO THAT?"

7   BECAUSE THEY MIGHT WIN THE PRELIMINARY INJUNCTION, AND WE DON'T

8   KNOW YET WHAT'S GOING TO HAPPEN TO THE PRELIMINARY INJUNCTION,

9   BECAUSE THE MERITS PANEL HASN'T RULED.  SO IT SEEMS --

10          THE COURT:  I LISTENED TO THE MERITS PANEL.  DID THE

11   MERITS PANEL NOT SAY THAT THEY WERE GOING TO, FOR LACK OF A

12   BETTER WORD, PUT THEIR FOOT ON THE GAS?

13          MR. STRACH:  WE'LL SEE.  WE DON'T KNOW.

14          THE COURT:  BUT DID THEY SAY THAT?

15          MR. STRACH:  SOME OF THEM DID.

16          THE COURT:  THE TWO THAT WERE THERE.  I THINK JUDGE

17   KING WAS ON THE PHONE.  AND I DIDN'T HEAR MUCH FROM JUDGE KING.

18          MR. STRACH:  THAT'S RIGHT.

19          THE COURT:  BUT THE OTHER TWO JUDGES ON THE MERITS

20   PANEL SAID THAT THEY WERE GOING TO HAVE -- THAT THEY WERE GOING

21   TO ENDEAVOR TO HAVE A RULING QUICKLY.  I MEAN, I AM JUST TAKING

22   THEM AT WHAT THEY SAID.

23          MR. STRACH:  THERE'S NO DOUBT.

24          THE COURT:  OKAY.  I JUST WANT TO MAKE SURE THAT I

25   UNDERSTOOD THAT.

1        **MR. STRACH:**  THERE'S NO DOUBT.

2             BUT, YOUR HONOR, WHAT I'M SAYING IS THAT WHAT

3  THE MANDAMUS PANEL SAID WAS THERE'S NO REASON FOR THE

4  LEGISLATURE TO ACT UNTIL THEY SEE WHAT THE MERITS PANEL DOES.

5  SO IT SEEMS TO ME IT WOULD BE PREMATURE TO DO ANYTHING UNTIL WE

6  HEAR FROM THE MERITS PANEL.

7        **THE COURT:**  YES.  I DIDN'T -- OKAY.  WELL, I GUESS WE

8  JUST -- WELL, MAYBE WE READ THAT A LITTLE DIFFERENTLY.

9        **MR. STRACH:**  OKAY.

10        **THE COURT:**  I AM ENDEAVORING TO FOLLOW THE PRINCIPLES

11  ENUNCIATED BY THE MANDAMUS PANEL.

12        **MR. STRACH:**  RIGHT.  I REMEMBER THAT LINE, TOO.  I

13  APPRECIATE THAT.  BUT THEY DID MAKE THIS POINT.  AND SO ONE OF

14  THE -- WE JUST WANTED THE RECORD TO BE CLEAR THAT WE THINK THE

15  BEST COURSE OF ACTION FROM OUR PERSPECTIVE IS TO WAIT FOR THE

16  FIFTH CIRCUIT'S MERITS PANEL, THEN SEE WHAT THE LAY OF THE LAND

17  IS, BECAUSE I KNOW THIS COURT CAN THEN ACT QUICKLY -- ONCE WE

18  HAVE THAT OPINION IN HAND, THIS COURT CAN THEN ACT VERY

19  SWIFTLY.  AND, FRANKLY, BY THEN WE MAY HAVE MORE CLARITY ON THE

20  TIMING --

21        **THE COURT:**  RIGHT, RIGHT.

22        **MR. STRACH:**  -- QUESTIONS THAT MR. TORCHINSKY WAS

23  RAISING.

24        **THE COURT:**  RIGHT.  OR, ALTERNATIVELY, WE COULD --

25  RATHER THAN KIND OF WAIT ON THE UNKNOWN, WE COULD MAKE SOME

11:23 1   PROGRESS IN THE MEANTIME AND, IF NECESSARY, CHECK AND ADJUST.

2   WHEN THE MERITS PANEL MAKES THEIR RULING, THAT WILL GIVE US A

3   LOT OF GUIDANCE, FRANKLY, THAT THE COURT WELCOMES AND I AM SURE

4   THAT THE PARTIES WOULD WELCOME, AND THEN WE WILL CHECK AND

5   ADJUST.  BUT IN THE MEANTIME, WE ARE NOT FLOATING.  WE ARE

6   MAKING SOME FORWARD PROGRESS.  SO THAT IS THE COURT'S

7   INTENTION, IS TO MAKE SOME FORWARD PROGRESS.

8   ALL RIGHT.  SO LET ME HEAR FROM MS. MCKNIGHT.

9   **MS. MCKNIGHT:**  YES, YOUR HONOR.  THANK YOU.

10   MAY I SIT, YOUR HONOR, WITH --

11   **THE COURT:**  YOU MAY STAY SEATED.

12   **MS. MCKNIGHT:**  THANK YOU.

13   **THE COURT:**  EVERYBODY MAY STAY SEATED.

14   **MS. MCKNIGHT:**  THANK YOU.

15   **THE COURT:**  I AM NOT IN MY ROBE.  THE ONLY REASON I

16   AM NOT DOWN THERE IS BECAUSE THERE IS SO MANY OF YOU.

17   OKAY.  GO AHEAD.

18   **MS. MCKNIGHT:**  THANK YOU, YOUR HONOR.

19   AN ISSUE HERE IS THAT THE 90 DAYS THAT YOU ARE

20   PROPOSING INCLUDES AT LEAST 30 DAYS OF WHICH THE LEGISLATIVE

21   BODY YOU EXPECT TO ACT IS IN AN ACTIVE ELECTION.  THERE ARE

22   MEMBERS OF THE BODY WHO ARE ACTIVELY CAMPAIGNING.  THERE ARE

23   MEMBERS OF THE BODY WHO KNOW THAT THEY ARE TERMED OUT.  IT IS A

24   BODY IN NAME, BUT IN SUBSTANCE IT IS IN FLUX.

25   MIGHT I SUGGEST TO THE COURT THAT IT COULD STICK

11:24  1  WITH THAT 90-DAY DEADLINE, BUT IF YOUR HONOR WOULD START THAT

2  CLOCK AFTER THE NOVEMBER ELECTION, THAT WOULD GIVE THE

3  LEGISLATURE TIME TO COME IN IN JANUARY AND AS THE -- WITH THE

4  TIME IT HAS -- AND TO BE VERY SPECIFIC, WHAT DATES I'M TALKING

5  ABOUT HERE, THE NOVEMBER ELECTION OCCURS ON NOVEMBER 18TH.

6  NINETY DAYS FROM THAT DATE WOULD GIVE YOUR HONOR UNTIL -- WOULD

7  GIVE THE LEGISLATURE UNTIL FEBRUARY -- ROUGHLY FEBRUARY 18.

8  I'M ROUGHLY COUNTING THOSE 90 DAYS HERE, THREE MONTHS.  WE VIEW

9  THAT AS GIVING THE LEGISLATURE AND THE NEW ADMINISTRATION TIME

10  TO COME IN, HAVE THOSE THREE DAYS OF THE ORGANIZATIONAL

11  SESSION, HAVE SEVEN DAY'S NOTICE FOR A SPECIAL SESSION AND HAVE

12  THE TIME IT NEEDS -- IF IT'S GOING TO BE ABLE TO PASS A

13  REMEDIAL MAP, THE TIME IT NEEDS TO DO SO.

14        IF WE BACK THAT 90 DAYS BACK AND START IT TODAY,

15  YOU'RE DEALING AGAIN WITH A BODY THAT HAS A NUMBER OF PEOPLE

16  WHO ARE OUTGOING.  THEY WILL NOT BE IN THAT SEAT COME JANUARY,

17  EITHER, BECAUSE THEY WILL BE VOTED OUT OR BECAUSE THEY ARE

18  TERMED OUT OR BECAUSE THEY DECIDED NOT TO RUN.  IN THIS WAY,

19  YOUR HONOR IS BUYING -- WITH THESE 30 DAYS, YOUR HONOR IS

20  BUYING TIME FOR THE LEGISLATURE TO COME IN AND GET -- ACTUALLY

21  HAVE AN OPPORTUNITY TO GET THE JOB DONE.

22        AND SO I'D SUGGEST THAT IF YOUR HONOR WOULD LIKE

23  TO OFFER THOSE 90 DAYS, OFFERING IT STARTING NOW DOESN'T OFFER

24  THE LEGISLATURE THE TIME IT NEEDS.  THE LEGISLATURE AS A BODY

25  NEEDS TIME TO RECONVENE, ORGANIZE ITSELF AND CALL ITSELF INTO A

11:26 1 SPECIAL SESSION.  IT'S NOT IN A POSITION TO DO THAT BEFORE

2 THEN.

3       **THE COURT:**  MR. STRACH, IF THIS COURT HAS A HEARING

4 ALONG THE LINES THAT MR. TORCHINSKY AND MS. MCKNIGHT HAVE

5 SUGGESTED, CLOSER TO 100 DAYS OUT OR SOME TIME LIKE THAT -- AND

6 I'LL HEAR FROM THE PLAINTIFFS AGAIN.

7       YOU CAN BE SEATED, SIR.

8       **MR. STRACH:**  OKAY.

9       **THE COURT:**  THANK YOU.

10       **MR. STRACH:**  IT'S UNNATURAL FOR ME.  I'M SORRY.

11       **THE COURT:**  I KNOW.  AND WHEN I ASKED MR. TORCHINSKY

12 TO STAND UP, IT WAS BECAUSE IT WAS JUST A FORCE OF HABIT.  BUT

13 THIS IS A STATUS CONFERENCE, SO WE ARE GOING TO BE A LITTLE BIT

14 MORE CASUAL, AS -- LIKE I HAVE SAID NOW THREE TIMES, AS

15 EVIDENCED BY THE FACT THAT I AM NOT WEARING A ROBE.

16       SO THE QUESTION FOR THE SECRETARY OF STATE IS:

17 HOW MUCH TIME TO GET THE BALLOTS READY IF -- LET'S SAY THAT WE

18 SET THIS FOR THE BEGINNING OF FEBRUARY OR THE MIDDLE OF

19 FEBRUARY.  HOW MUCH TIME -- AND LET'S SAY THAT THE COURT IS

20 ABLE TO MOVE HEAVEN AND EARTH, WHICH REMAINS TO BE SEEN, AND

21 COME UP WITH A RULING, IF NECESSARY, IF THE LEGISLATURE DOESN'T

22 COME UP WITH A REMEDIAL ACT OR IF THERE IS NOT SOME OTHER

23 CHANGE IN THE LANDSCAPE BY THE MERITS PANEL, IF WE HAVE TO --

24 IF WE HAVE TO GO THROUGH WHAT WE ARE ANTICIPATING OR WHAT WE

25 ARE CHARTING A PATH TOWARD -- MAYBE NOT -- ANTICIPATING IS NOT

11:27 1  THE RIGHT WORD.  BUT IF WE GET TO THE END OF THIS PATH AND
2  THERE IS A REMEDIAL HEARING AND THERE IS A REMEDIAL MAP THAT IS
3  SELECTED BY THE COURT OF THE MAPS THAT ARE PRESENTED, HOW MUCH
4  TIME DOES THE SECRETARY OF STATE NEED TO GET THAT IN PROCESS?
5            **MR. STRACH:**  SO, YOUR HONOR, I BELIEVE WE REPRESENTED
6  TO THE MERITS PANEL THAT A MAP WOULD NEED TO BE IN PLACE BY
7  LATE MAY.
8            **THE COURT:**  OKAY.
9            **MR. STRACH:**  AND SO WE WILL OBVIOUSLY STICK WITH WHAT
10  WE TOLD THE FIFTH CIRCUIT.  I WOULD SAY --
11            **THE COURT:**  I DO REMEMBER THAT COLLOQUY NOW.  THEY
12  PUSHED YOU AND PUSHED YOU AND YOU FINALLY CAME UP WITH A DATE.
13  I REMEMBER THAT NOW.
14            **MR. STRACH:**  WE ARE GOING TO HAVE TO LIVE WITH IT
15  NOW.
16            **THE COURT:**  NOW YOU HAVE SAID IT TWICE.
17            **MR. STRACH:**  YEAH, EXACTLY.
18            **THE COURT:**  SEE, NOW YOU TOLD THEM AND YOU TOLD ME.
19            **MR. STRACH:**  YOU KNOW --
20            **THE COURT:**  THEY ARE WAY MORE IMPORTANT, THOUGH.
21            **MR. STRACH:**  -- I'M NOT GOING TO LIE IN ALL CANDOR.
22            I WILL -- ONE THING I WANT TO VOICE, THOUGH,
23  YOUR HONOR, ON THIS POINT, ON THIS ISSUE OF THE TIMELINE -- AND
24  I KNOW WHERE THE COURT IS, SO I -- PLEASE DON'T TAKE THIS WITH
25  ANY DISRESPECT.  BUT WE --

11:28 1      **THE COURT:** I AM NOT GOING TO TAKE IT PERSONALLY. I

2  AM OVER THAT.

3      **MR. STRACH:** WE REALLY THINK IT MAKES MORE SENSE, IF

4  WE ARE GOING TO WAIT 90 DAYS, A HUNDRED DAYS, WHATEVER WE ARE

5  GOING TO WAIT, TO JUST HAVE A FINAL TRIAL ON THE MERITS AND

6  HAVE A SCHEDULING ORDER THAT --

7      **THE COURT:** I KNOW THAT THAT IS WHAT YOU THINK, BUT

8  YOU WILL HAVE A TRIAL ON THE MERITS. UNLESS THERE IS SOME SEA

9  CHANGE IN THE LANDSCAPE, WHICH IS ALWAYS POSSIBLE, YOU WILL

10  HAVE A TRIAL ON THE MERITS. YOU ARE ENTITLED TO A TRIAL ON THE

11  MERITS. BUT WE ARE RIGHT IN THE MIDDLE REALLY -- IN MY HUMBLE

12  VIEW, WE ARE PROBABLY CLOSER TO TWO-THIRDS OF THE WAY THROUGH A

13  PROCESS AND WE ARE GOING TO COMPLETE THE PROCESS THAT WE ARE

14  IN. THE COURT IS GOING TO BE -- IS GOING TO SHOW FIDELITY TO

15  THE PROCESS THAT HAS BEEN EMBARKED UPON. SO...

16      **MR. STRACH:** WELL -- AND, RESPECTFULLY, THAT PROCESS

17  GOT INTERRUPTED, THROUGH NO FAULT OF THE COURT OR THE PARTIES.

18  OTHER ACTORS CAME IN AND DISRUPTED THAT PROCESS. AND SO WHAT

19  WE BELIEVE IS THAT THE COURT SHOULD ADJUST AND MOVE TO A FINAL

20  TRIAL SO THIS CAN BE DEALT WITH COMPLETELY BEFORE THE 2024

21  ELECTIONS.

22      WHAT WE ARE CONCERNED ABOUT IS, THIS IS JUST

23  GOING TO STRETCH ON AND START TO BEGIN TO IMPACT THE '26

24  ELECTIONS, WHERE THERE'S AN OPPORTUNITY RIGHT NOW, IF WE STRIKE

25  WHILE THE IRON IS HOT, TO HAVE A TRIAL, GET THIS THING -- AND

11:30 1   GET A NEW MAP IN PLACE, IF ONE IS NECESSARY, AND HAVE THIS

2   THING DONE AND DECIDED BEFORE THE '24 ELECTION.

3         **THE COURT:** AND SO IT WOULD BE THE SECRETARY OF

4   STATE'S POSITION TO HAVE A FULL TRIAL ON THE MERITS IN A

5   TIMELINE THAT WOULD ALLOW FOR A FINAL RULING ON THE MERITS BY

6   MID TO LATE MAY?

7         **MR. STRACH:** WELL, A FINAL RULING HOPEFULLY IN, SAY,

8   MARCH OR APRIL WHERE WE COULD HAVE A REMEDIAL PROCESS, IF

9   NECESSARY, TO HAVE A NEW MAP BY LATE MAY. I THINK THAT COULD

10   ALL GET DONE.

11         **THE COURT:** MR. CHAKRABORTY?

12         **MR. CHAKRABORTY:** YOUR HONOR --

13         **THE COURT:** GO AHEAD.

14         **MR. CHAKRABORTY:** -- WE CAME INTO THIS HEARING. AND

15   NOW AFTER HEARING DEFENDANTS GREATLY CONCERNED ABOUT THE REAL

16   RISK THAT DEFENDANTS -- AND UNLIKE MR. STRACH'S

17   REPRESENTATIONS, THROUGH FAULT OF THEIR OWN -- WERE DELAYING

18   THE TIMELINE. THIS COURT SET A HEARING IN OCTOBER, MONTHS AGO,

19   AND AT THE LAST MINUTE FILED A HAIL MARY MANDAMUS WRIT TO PUSH

20   THAT BACK. HAVE NEVER REPRESENTED, AS YOUR HONOR NOTED, THAT

21   THEY PLANNED ON HAVING THE LEGISLATURE ACT AT ALL. THAT WASN'T

22   REPRESENTED, AND NOW HAVE REPRESENTED IN BRIEFING LAST WEEK

23   THAT -- AND AGAIN TODAY -- THAT THEY NOW DON'T PLAN TO ACT

24   UNTIL THE P.I. MERITS PANEL HAS BEEN HEARD.

25         AND SO WHAT WE ARE HEARING IS, YOU KNOW, DESPITE

11:31 1    THEIR STATED INTENTION FOR WANTING TO GET TO RESOLUTION, THE

2    ACTUAL ACTIONS THAT THEY ARE PROPOSING ARE -- WOULD BE PUSHING

3    BACK AND REALLY RISKING A *PURCELL* RISK IF THEY MOVE FORWARD THE

4    WAY THEY WANT.

5            SO WE WOULD SAY A COUPLE OF THINGS.

6            **THE COURT:**  WELL, HE IS SAYING THAT -- HE IS SAYING

7    THAT THERE IS NOT A *PURCELL* RISK UNTIL LATE MAY.  SO WE HAVE

8    BETWEEN NOW AND MAY.

9            SO WHAT ABOUT THIS NOTION OF A FULL AND FINAL

10    TRIAL ON THE MERITS, ONE AND DONE?  ALTHOUGH IT IS NOT ONE AND

11    DONE BECAUSE WE'VE ALL SPILLED A LOT OF INK UP UNTIL THIS POINT

12    AND A LOT OF SLEEPLESS NIGHTS.

13            **MR. CHAKRABORTY:**  YOUR HONOR, TO BE CLEAR, THE

14    PLAINTIFFS DON'T OPPOSE A FULL TRIAL ON THE MERITS.  BUT WE'RE

15    HAPPY TO SCHEDULE THAT, YOU KNOW, AFTER THE REMEDIAL

16    HEARING THAT YOUR HONOR CONTEMPLATES, BUT EVEN A MAY TIMELINE,

17    IF WE WERE TO TAKE THAT ON FACE VALUE, IT WOULD HAVE TO

18    INCORPORATE MULTIPLE APPEALS.  IT HAS TO INCORPORATE ALMOST

19    CERTAINLY APPEALS TO THE FIFTH CIRCUIT, POTENTIAL APPEALS TO

20    THE SUPREME COURT.  IT HAS TO INCORPORATE TIME FOR A REMEDIAL

21    PROCESS TO TAKE PLACE.  IT HAS TO INCORPORATE TIME FOR

22    POTENTIAL APPEALS OF THAT REMEDIAL PROCESS IN THAT.  IT HAS TO

23    INCORPORATE TIME FOR THE LEGISLATURE TO -- YOU KNOW, NOW THE

24    NEW LEGISLATURE -- TO APPARENTLY HAVE TIME TO IMPLEMENT A MAP.

25    AND I'D LIKE TO BE HEARD ON THAT POINT AS WELL BRIEFLY.

11:33 1          BUT EFFECTIVELY WHAT WE SEE IS A LATE MAY DATE
      2  AND WORKING BACKWARDS.  IF WE ARE SCHEDULING A TRIAL ON THE
      3  MERITS WITHOUT ANY FORM OF REMEDIAL HEARING, AS YOUR HONOR CAME
      4  INTO THIS HEARING WITH THE PLAN TO DO, WE ARE RUNNING THE RISK
      5  THAT THERE IS NOT GOING TO BE FINAL RELIEF BEFORE THE 2024
      6  ELECTIONS, WHICH REPEAT THE IRREPARABLE HARM TO PLAINTIFFS THAT
      7  OCCURRED IN THE 2022 ELECTIONS.
      8          AS YOUR HONOR NOTED AT THE OUTSET, THERE IS NO
      9  REASON THAT A REMEDIAL HEARING CAN'T TAKE PLACE.  THE
     10  PREPARATION IS READY.  CONTRARY TO MS. MCKNIGHT'S
     11  REPRESENTATIONS, THERE ARE A HANDFUL OF RACES LEFT TO BE
     12  DECIDED.  BUT THE OPERATIVE FOLKS WHO ARE HERE ARE NOT RUNNING
     13  FOR ANYTHING.  THE LEGISLATIVE INTERVENORS ARE NOT RUNNING FOR
     14  ANYTHING.  AND, MORE IMPORTANTLY, WE ARE NOT OPERATING OFF OF A
     15  BLANK SLATE HERE.  YOU KNOW, WE'VE -- THERE ARE MULTIPLE MAPS
     16  THAT HAVE BEEN PUT FORWARD IN THE LEGISLATURE THAT INCLUDE A
     17  SECOND OPPORTUNITY DISTRICT.  THERE HAVE BEEN SEVEN MAPS NOW
     18  PUT FORWARD IN THIS LITIGATION THAT INCLUDE SUCH A DISTRICT.
     19          THE LEGISLATURE HAS CALLED ITSELF INTO SESSION
     20  NUMEROUS TIMES -- SPECIAL SESSIONS NUMEROUS TIMES THIS YEAR ON
     21  MULTIPLE OTHER ISSUES.  AND SO THIS NOTION THAT, YOU KNOW, THEY
     22  SUDDENLY NEED MORE TIME OR A NEW LEGISLATURE TO BE SEATED TO,
     23  YOU KNOW, IMPLEMENT RELIEF IS NOT IN PRINCIPLE WITH THE FIFTH
     24  CIRCUIT MOTIONS PANEL MANDAMUS ORDER.
     25          YOUR HONOR'S CONTEMPLATED REMEDY, WHICH IS THE

11:34 1  90 DAYS FOR THE REMEDY HEARING, YOU KNOW, WE WOULD PREFER TO
2  STRONGLY STICK TO THAT.  IF DEFENDANTS ARE REPRESENTING THAT
3  THEY CAN GET A SECOND OPPORTUNITY DISTRICT IN PLACE OR CAN HAVE
4  A REAL SHOT OF THAT IN THE LEGISLATURE IN 95 DAYS, WE CAN, YOU
5  KNOW, PERHAPS AGREE TO THAT.  BUT THAT SHOULD BE THE PLAN.  THE
6  PLAN SHOULD BE THE CURRENT LEGISLATURE TAKES A STAB AT IT.  AND
7  BY "TAKES A STAB AT IT," WE MEAN, YOU KNOW, TAKES EVERYTHING
8  THAT'S BEEN DONE BEFORE AND TRIES TO PASS A MAP AND THEN THE
9  NEW LEGISLATURE HAS A FEW DAYS TO DO THE SAME THING.
10           BUT AFTER THAT, WE FEEL THAT THERE HAS BEEN A
11  FAIR OPPORTUNITY FOR THE LEGISLATURE, IN ACCORDANCE WITH THE
12  MANDAMUS ORDER, TO HAVE ITS SHOT AND THEN THIS COURT SHOULD
13  PROCEED SWIFTLY TO REMEDY.  AFTER THAT, WE ARE -- YOU KNOW, WE
14  HAVE NO OPPOSITION TO A TRIAL, AND WE ARE HAPPY TO DO THAT.
15       **THE COURT:**  OKAY.  THE THING THAT I DID NOT HEAR FROM
16  THE DEFENDANTS WAS WHAT KIND OF DISCOVERY AND THE -- BOTH
17  EXPERT DISCOVERY AND FACT WITNESS DISCOVERY DO YOU NEED PRIOR
18  TO A HEARING ON THE REMEDY.
19       **MR. STRACH:**  YOUR HONOR, IF I HAD MISSED ANYTHING,
20  I'LL DEFER TO MY COLLEAGUES, BUT WE CERTAINLY -- IF THERE'S
21  GOING TO BE SOME SORT OF A HEARING IN 90 TO 100 DAYS, WE HAVE
22  SOME EXISTING EXPERT WITNESSES.  I THINK THE DEPOSITIONS OF
23  THOSE ARE ONGOING.  I THINK WE MAY HAVE A FEW MORE DEPOSITIONS
24  OF THEIR EXPERTS.  I CAN'T REMEMBER.  WE PROBABLY WOULD GET A
25  FEW MORE EXPERT WITNESSES TO TAKE ADVANTAGE OF THE ADDITIONAL

11:36 1   TIME.  WE WOULD ALSO PROBABLY ADD SOME FACT WITNESSES.  I DON'T

2   KNOW HOW MANY, MAYBE A HANDFUL AT BEST, AND I'M SURE THE

3   PLAINTIFFS WOULD WANT TO DEPOSE THEM.  AND WE WOULD -- AND THEN

4   WHAT WE WOULD ALSO ATTEMPT TO DO, YOUR HONOR, IS PUSHING SOME

5   SORT OF HEARING OUT TO THAT DATE MIGHT GIVE US A CHANCE TO

6   ANALYZE THE ELECTION DATA FROM THIS MONTH'S ELECTIONS AND THE

7   NOVEMBER ELECTIONS, AND WE WOULD ATTEMPT TO INCORPORATE THAT

8   DATA INTO THAT HEARING.  AND WE MIGHT HAVE AN EXPERT OR TWO

9   ADDRESS HOW THAT DATA AFFECTS THE COURT'S ANALYSIS OF LEGAL

10   ISSUES AND OF THE REMEDIAL MAPS THAT ARE PROPOSED.

11         **THE COURT:**  WHAT ABOUT ONE REMEDIAL MAP PER SIDE?

12   ANY STRONG OBJECTIONS TO ONE REMEDIAL MAP PER SIDE?

13         **MR. STRACH:**  NO.

14         **THE COURT:**  DO I HAVE AGREEMENT FROM THE LEGISLATIVE

15   INTERVENORS AND THE ATTORNEY GENERAL:  ONE REMEDIAL MAP PER

16   SIDE?

17         **MS. MCKNIGHT:**  YES, YOU DO, YOUR HONOR.

18         **MR. CHAKRABORTY:**  YES, YOUR HONOR.

19         **THE COURT:**  OKAY.  WELL, THIS IS VERY BIG.  YOU SEE,

20   NOW WE HAVE AN AGREEMENT THAT THERE IS ONE MAP PER SIDE.

21         I BELIEVE IT WAS -- I BELIEVE IT WAS SECRETARY

22   ARDOIN -- IN LOOKING BACK OVER SOME OF THE HISTORY OF THIS

23   CASE, THERE WAS A SCHEDULING ORDER THAT WAS PROPOSED AT SOME

24   POINT; AND IT WAS ESSENTIALLY NAME EXPERTS AND THEN 15 DAYS TO

25   NAME COUNTERVAILING EXPERTS, THEN 15 DAYS TO RESPOND.  AND THEN

11:37 1  CLOSING FACT AND DISCOVERY -- CLOSING BOTH FACT AND EXPERT
      2  WITNESS DEPOSITIONS OR DISCOVERY, SEVEN DAYS.  I WOULD PROBABLY
      3  PROPOSE NINE DAYS.  IF WE START A HEARING ON A MONDAY, YOU MAY
      4  WANT TO CLOSE DISCOVERY THE FRIDAY, TWO FRIDAYS PRIOR.
      5  DOES THAT KIND OF A SCHEDULE WORK?  IN OTHER WORDS, 15 DAYS IN
      6  BETWEEN THE PRODUCTION OF EXPERT REPORTS FOR RESPONSES AND
      7  PREPARATION FOR MOTIONS IN LIMINE, THAT KIND OF THING?
      8            **MR. CHAKRABORTY:**  YOUR HONOR, THAT WORKS FOR US.
      9            **MR. STRACH:**  YEAH, THAT SOUNDS RIGHT TO ME.  SO YOU'D
     10  BE TALKING ABOUT HAVING -- LET'S SAY WHATEVER THE HEARING IS IN
     11  FEBRUARY, CLOSING DISCOVERY TWO WEEKS BEFORE THE HEARING
     12  STARTS?
     13            **THE COURT:**  ESSENTIALLY.
     14            **MR. STRACH:**  YEAH, I THINK THAT WOULD WORK FOR US.
     15            **THE COURT:**  TEN DAYS BEFORE.  AND THEN GIVE YOU
     16  ALL SOME TIME TO NAME YOUR EXPERTS, FOR THEM TO NAME THEIR
     17  COUNTERVAILING EXPERTS, YOU WOULD RESPOND TO THAT.
     18            OKAY.  I CAME IN WITH A DATE IN MY MIND CLEARED
     19  AT THE END OF JANUARY, BUT AFTER CONSIDERING THE ARGUMENTS OR
     20  THE POSITIONS OF THE PARTIES, WE ARE GOING TO HAVE THE HEARING
     21  ON FEBRUARY 5TH, WHICH IS A MONDAY, COMMENCING AT 9:00 A.M.,
     22  AND I CAN GIVE YOU THE WHOLE WEEK.  HOPEFULLY WE WON'T NEED THE
     23  WHOLE WEEK, BUT I AM GOING TO GO AHEAD AND CLEAR THE WHOLE
     24  WEEK.
     25            SO RATHER THAN ME GIVE YOU DATES, WHAT I WOULD

11:41 1  LIKE YOU TO DO IS MEET AND CONFER WHILE YOU ARE HERE, SUBMIT,

2  IF YOU CAN, A JOINT PROPOSED SCHEDULING ORDER. IF NOT, SUBMIT

3  TWO SCHEDULING ORDERS. THE COURT WILL EITHER PICK ONE OF THOSE

4  OR SOME MODERATION AS BETWEEN THOSE TWO, BUT WE WILL HAVE ONE

5  REMEDIAL MAP PER SIDE. ALL PARTIES ARE IN AGREEMENT THAT THERE

6  WILL BE ONE REMEDIAL MAP PER SIDE. DISCOVERY CUTOFF WILL BE 14

7  DAYS BEFORE TRIAL. SO YOU WILL HAVE TO HAVE ALL YOUR

8  DEPOSITIONS DONE 14 DAYS BEFORE TRIAL. THAT SHOULD GIVE

9  EVERYBODY ENOUGH TIME TO HAVE THEIR DISCOVERY COMPLETE AND

10  PREPARE FOR THE HEARING. I SAY TRIAL. A HEARING.

11        SO FEBRUARY 5TH, 9:00 A.M., ONE REMEDIAL MAP PER

12  SIDE, AND 14 DAYS BEFORE THE HEARING DISCOVERY WILL CUTOFF. I

13  WOULD LIKE FOR Y'ALL TO GET ME A PROPOSED SCHEDULING ORDER BY

14  CLOSE OF BUSINESS ON FRIDAY, AND THE COURT WILL ENACT A

15  SCHEDULING ORDER EARLY NEXT WEEK.

16       **MR. STRACH:** YOUR HONOR?

17       **THE COURT:** YES, SIR.

18       **MR. STRACH:** CAN WE -- I WANT TO MAKE SURE WE

19  UNDERSTAND WHAT YOUR GUARDRAILS ARE ON THE SCHEDULING ORDERS.

20  SO THE HARD DATE IS DISCOVERY CLOSES 14 DAYS --

21       **THE COURT:** CORRECT.

22       **MR. STRACH:** -- BEFORE TRIAL. AND IS THE COURT

23  CONTEMPLATING A PROCESS AS BEFORE WHERE THERE'S A CERTAIN

24  AMOUNT OF TIME TO DISCLOSE EXPERT NAMES?

25       **THE COURT:** YES.

11:42 1          **MR. STRACH:**  AND THEN IF A COUNTER DISCLOSURE WITHIN

2     A PERIOD TO DISCLOSE FACT WITNESS NAMES AND THEN COUNTER

3     DISCLOSURE, AND THEN THE REST OF THE TIME WE ARE DOING WHATEVER

4     WE NEED TO DO; DEPOSITIONS AND SUCH?

5          **THE COURT:**  YES.  THE COURT GAVE SOME CONSIDERATION

6     TO THIS, BUT, YOU KNOW, I AM NOT A VOTING RIGHTS ATTORNEY AND I

7     HAVE NOT TRIED A VOTING RIGHTS CASE.  ALTHOUGH I HAVE LISTENED

8     TO YOU ALL A LOT AND READ A WHOLE LOT OF STUFF, I DON'T REALLY

9     KNOW WHAT IT TAKES TO RUN UP TO THIS.  BUT YOU DO KNOW WHAT IT

10    TAKES TO RUN UP TO THIS.

11          AT A MINIMUM, I WOULD SAY THAT YOU ARE GOING TO

12    NEED A DEADLINE TO SUBMIT YOUR MAPS AND THE EVIDENCE SUPPORTING

13    YOUR MAPS, WHICH ARE YOUR SHAPE FILES OR WHATEVER YOUR BACKUP

14    EVIDENCE IS, AND THEN YOU ARE GOING TO NEED TO BE ABLE TO

15    RESPOND TO THOSE MAPS, TO NAME EXPERTS.  AND THEN TO NAME

16    COUNTERVAILING EXPERTS, AND THEN TO DEPOSE THOSE EXPERTS AND

17    THEN YOU WILL ALSO WANT, I'M SURE, A WITNESS AND EXHIBIT LIST

18    AT SOME POINT.

19          **MR. TORCHINSKY:**  YOUR HONOR, ONE OTHER CLARIFICATION.

20    THE 90 DAYS FOR THE LEGISLATURE THAT THE COURT OPENED WITH, HAS

21    THAT BEEN ADJUSTED IN LIGHT OF THE NEW LEGISLATURE COMING IN

22    JANUARY 8TH?

23          **THE COURT:**  THE 90 DAYS FOR THE LEGISLATURE?

24          **MR. TORCHINSKY:**  IN OTHER WORDS, ARE YOU SAYING THAT

25    THE LEGISLATURE MUST ACT NO LATER THAN JANUARY 15TH, 2024,

11:44 1    WHICH WOULD BE 90 DAYS FROM TODAY, OR COULD WE EXTEND THAT TO
      2    100 DAYS FROM TODAY?
      3             **THE COURT:**  OH, YES.  I HAVEN'T ORDERED ANYTHING
      4    ABOUT 90 DAYS.  WHEN I CAME IN, I SAID THAT I HAD -- MY PLAN
      5    WAS TO SET A HEARING, A REMEDIAL HEARING, WITHIN THE NEXT 90
      6    DAYS OR IN 90 DAYS.  SO I AM NOT TELLING THE LEGISLATURE THEY
      7    HAVE TO DO ANYTHING.  I THINK THAT THE LEGISLATURE -- I WOULD
      8    CERTAINLY ENCOURAGE THE LEGISLATURE TO CALL ITSELF INTO SESSION
      9    AND TACKLE THIS PROBLEM OR ATTEMPT -- MAKE AN ATTEMPT AT A
      10   REMEDIAL MAP.  THERE HAVE BEEN A LOT OF MAPS.  I MEAN, YOU DID
      11   THAT -- THE LEGISLATURE DID THE ROAD SHOW AND THERE HAVE BEEN
      12   AMICUS MAPS AND THERE HAVE BEEN PLAINTIFF MAPS.  AND I KNOW YOU
      13   ALL HAVE HAD A FEW MAPS.  I HAVEN'T SEEN A MAP FROM YOU, BUT I
      14   TAKE IT FROM WHAT I HAVE READ THAT, IN THE RUN-UP TO THE LAST
      15   REMEDIAL HEARING DATE IN OCTOBER, YOU HAD NINE EXPERTS.  SO I'M
      16   ASSUMING SOME OF THOSE HAD TO DO WITH SOME MAPS.  SO I THINK
      17   THERE IS A LOT OF MAPS FOR THE LEGISLATIVE INTERVENORS'
      18   RESPECTIVE SIDES, THE TWO HOUSES OF THE LEGISLATURE TO LOOK AT.
      19            **MR. TORCHINSKY:**  OKAY.  BUT THERE IS NO COURT-IMPOSED
      20   DEADLINE FOR THE LEGISLATURE?
      21            **THE COURT:**  NO.
      22            **MR. TORCHINSKY:**  JUST WE HAVE A FEBRUARY 5TH REMEDIAL
      23   HEARING AND WHATEVER THE LEGISLATURE DOES BETWEEN NOW AND THEN?
      24            **THE COURT:**  NO, I WOULDN'T PRESUME TO TELL THE
      25   LEGISLATURE THAT THEY HAVE TO ACT IN A CERTAIN TIME FRAME.

11:45 1 | THEY MAY ACT.  THEY HAVE BEEN FREE TO ACT SINCE JUNE OF 2023.

2 | **MR. TORCHINSKY:**  OKAY.  THANK YOU, YOUR HONOR.

3 | **THE COURT:**  OKAY.  IS THERE ANYTHING ELSE THAT I CAN

4 | HELP WITH?

5 | **MR. CHAKRABORTY:**  I WAS JUST GOING TO SAY -- YOUR

6 | HONOR, WE HAVE NO OPPOSITION TO THAT -- JUST WE HOPE THAT THE

7 | LEGISLATURE, IF IT CHOOSES TO ACT, DOES SO IN ACCORDANCE WITH

8 | YOUR P.I.; THAT IT PASSES A MAP WITH A SECOND OPPORTUNITY

9 | DISTRICT.  WE DON'T WANT TO BE BACK HERE IN TWO MONTHS AND THE

10 | LEGISLATURE PASSES A MAP THAT IS NOT IN COMPLIANCE.

11 | **THE COURT:**  WELL, IN THE MEANTIME -- AND THAT IS THE

12 | COURT'S GOAL, IS TO NOT LOSE ANY FORWARD MOMENTUM ON THE

13 | CURRENT PROCESS THAT IS UNDERWAY -- THAT, AS THE COURT HAS

14 | INDICATED, IS WELL UNDERWAY, PROBABLY TWO-THIRDS OF THE WAY

15 | UNDERWAY.  SO THERE IS -- THE COURT EXPECTS THE PARTIES -- AND

16 | I THINK WE HAVE AGREEMENT AMONG OURSELVES THAT YOU WILL MARCH

17 | FORWARD TO THIS FEBRUARY HEARING DATE, FEBRUARY 5TH HEARING

18 | DATE, WITH DELIBERATE -- WITH -- IN DELIBERATION -- OR

19 | DELIBERATELY, I SHOULD SAY.

20 | OKAY.  I LOOK FORWARD TO SEEING YOU IN FEBRUARY.

21 | **MR. CHAKRABORTY:**  THANK YOU, YOUR HONOR.

22 | **THE COURT:**  THANK YOU-ALL.

23 | **(WHEREUPON, THIS MATTER WAS CONCLUDED.)**

24 | * * *

25 |

11:46

## CERTIFICATE

I, SHANNON THOMPSON, CCR, OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA, CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY AND UNDERSTANDING, FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.


*Shannon Thompson*

SHANNON THOMPSON, CCR

OFFICIAL COURT REPORTER

# Exhibit 2

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, *et al* | CIVIL ACTION |
| *versus* | 22-211-SDD-SDJ |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana | |

*consolidated with*

| | |
|---|---|
| EDWARD GALMON, SR., *et al* | CIVIL ACTION |
| *versus* | 22-214-SDD-SDJ |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana | |

## <u>SCHEDULING ORDER</u>

The parties have met and conferred and agree on the following prehearing deadlines, which are hereby established:

- Deadline to identify experts performing RPV or Election Analysis on 2023 Elections and any Fact Witnesses: **December 15, 2023**

- Deadline for parties to exchange Expert Reports on RPV or Election Analysis on 2023 Elections: **January 12, 2024**

- Close of Discovery: **January 22, 2024**

- Deadline for parties to exchange exhibit lists for remedial hearing: **January 26, 2024**

- Deadline for parties to file witness and exhibit lists, with objections: **January 30, 2024**

- Deadline for parties to file prehearing briefs: **January 31, 2024**

The parties have also agreed to the following terms:

a.  Each side shall be limited to the presentation of one proposed remedial map.

b.  In the event that the State of Louisiana enacts a map close in time to February 5, 2024, the parties shall meet and confer regarding any adjustment to the pre-hearing schedule to afford Plaintiffs an opportunity to take discovery and submit expert reports and testimony concerning any such map, as time allows before the start of the remedial hearing on February 5, 2024.

c.  Any proposed remedial map to be considered at the hearing shall comply with the Court's preliminary injunction *Ruling and Order*, ECF No. 173, except to the extent that the *Ruling and Order* may be reversed or modified on appeal. *See Ruling and Order* at 2 ("The appropriate remedy in this context is a remedial congressional redistricting plan that includes an additional majority-Black congressional district.").

Signed in Baton Rouge, Louisiana, on October 23, 2023.


_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**