In the United States Court of Appeals
for the Fifth Circuit

———————————

PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE,
EDWIN RENE SOULE, ALICE WASHINGTON, CLEE
EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS,
AMBROSE SIMS, NAACP LOUISIANA STATE
CONFERENCE, AND POWER COALITION FOR EQUITY
AND JUSTICE,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT

———————————

EDWARD GALMON, SR., CIARA HART, NORRIS
HENDERSON, AND TRAMELLE HOWARD,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT

———————————

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
CIV. NO. 22-0211 & CIV. NO. 22-0214
(THE HONORABLE SHELLY D. DICK, C.J.)*

———————————

**APPELLEES' OPPOSITION TO MOTION FOR EXTENSION OF
TIME FOR APPELLANTS TO FILE A PETITION FOR
REHEARING EN BANC**

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
*snaifeh@naacpldf.org*
*laden@naacpldf.org*
*ksadasivan@naacpldf.org*
*vwenger@naacpldf.org*

R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
   EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
*jevans@naacpldf.org*
*srohani@naacpldf.org*

JOHN ADCOCK
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
*jnadcock@gmail.com*

ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ADAM P. SAVITT
ROBERT KLEIN
BRIDGET WARLEA
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York,
NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
*ratkins@paulweiss.com*
*ycleary@paulweiss.com*
*jhurwitz@paulweiss.com*
*achakraborty@paulweiss.com*
*asavitt@paulweiss.com*
*rklein@paulweiss.com*
*bwarlea@paulweiss.com*

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
*slakin@aclu.org*

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
*sbrannon@aclu.org*
*mkeenan@aclu.org*

Nora Ahmed
Stephanie Willis
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
swillis@laaclu.org
nahmed@laaclu.org

Tracie L. Washington
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

*Counsel for Robinson Plaintiffs*

T. Alora Thomas-Lundborg
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
Walters, Thomas,
  Cullens, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

Abha Khanna (admitted *pro hac vice*)
Elias Law Group LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
Elias Law Group LLP
250 Massachusetts Ave, NW Suite 400 Washington, D.C. 20001
(202) 968-4490

dcohen@elias.law
age@elias.law
jshelly@elias.law

*Counsel for Galmon Plaintiffs*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**Intervenor Defendants-Appellants**: Clay Schexnayder and Patrick Page Cortez, in their official capacities as Speaker of the Louisiana House of Representatives and President of the Louisiana Senate, represented by Baker & Hostetler LLP attorneys Katherine L. McKnight, Richard B. Raile, E. Mark Braden, Michael W. Mengis, Patrick T. Lewis, Erika Dackin Prouty, and Renee M. Knudsen.

**Intervenor Defendant-Appellant**: State of Louisiana, by and through Attorney General Jeff Landry, represented by Louisiana's Office of the Attorney General attorneys Elizabeth Baker Murrill, Angelique Duhon Freel, Carey T. Jones, Jeffrey Michael Wale, Morgan Brungard, and Shae McPhee; and by Holtzman Vogel Josefiak Torchinsky PLLC attorneys Jason B. Torchinsky, Dallin B. Holt, and Phillip Michael Gordon. Defendant-Appellant: R. Kyle Ardoin, in his official capacity as

Secretary of State for Louisiana, represented by Shows, Cali & Walsh, LLP attorney John Carroll Walsh; and by Nelson Mullins Riley & Scarborough LLP attorneys Alyssa Riggins, Cassie Holt, John E. Branch, III, Phillip Strach, and Thomas A. Farr.

**Plaintiffs-Appellees**: Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, National for the Advancement of Colored People Louisiana State Conference (NAACP), Power Coalition for Equity and Justice, represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP attorneys Adam Savitt, Amitav Chakraborty, Bridget Warlea, Jonathan Hurwitz, Robert A. Atkins, Robert Klein and Yahonnes Cleary; and by the NAACP Legal Defense Fund attorneys Jared Evans, Kathryn C. Sadasivan, Leah C. Aden, Sara Rohani, Stuart C. Naifeh, and Victoria Wenger; and by ACLU of Louisiana attorney Nora Ahmed; and by the ACLU attorneys Sarah E. Brannon, Sophia Lin Lakin, and Megan Keenan; and by Harvard Law School Clinic attorney Tiffany Alora Thomas; and by attorneys Tracie L. Washington; and by John Nelson Adcock.

**Plaintiffs-Appellees**: Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, represented by Elias Law Group LLP attorneys Abha Khanna, Jacob D Shelly, Daniel Cohen, and Qizhou Ge; and by Walters Papillion Thomas Cullens, LLC attorneys J.E. Cullens, Jr., Andree Matherne Cullens, and S. Layne Lee.

**Intervenor Plaintiffs-Appellees**: Vincent Pierre (Chairman of LLBC), represented by Arthur Ray Thomas of Arthur Thomas & Associates and Ernest L. Johnson, I. Louisiana Legislative Black Caucus (LLBC), represented by Stephen M. Irving of Steve Irving LLC and Ernest L. Johnson, I.

**Amici**: Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei, represented by Jenner & Block LLP attorneys Alex S. Trepp, Andrew J. Plague, Jessica Ring Amunson, Keri L. Holleb Hotaling, and Sam Hirsch, and Barrasso Usdin Kupperman Freeman & Sarver, LLC attorneys Judy Y. Barrasso and Viviana Helen Aldous.

/s/ *Stuart Naifeh*
STUART NAIFEH

NOVEMBER 24, 2023

After successfully arguing that an early trial and prompt appellate review would allow this litigation to be resolved in time for a remedy to be implemented prior to the 2024 federal election, Appellants now seek an extension of nearly two months to request that the *en banc* Fifth Circuit review a panel decision *in their favor*. The preliminary injunction that Appellants appealed has been vacated, and there is no further relief that an *en banc* panel could provide at this juncture of the case. Additionally, granting Appellants' requested extension would be inconsistent with this Court's instruction that the district court "conclude all necessary proceedings in sufficient time to allow at least initial review by this court and for the result to be used for the 2024 Louisiana congressional elections." *Robinson* v. *Ardoin*, __ F.4th __, 2023 WL 7711063 (5th Cir., Nov. 10, 2023); *see also Ardoin* v. *Robinson*, 143 S. Ct. 2654 (2023) (vacating stay to "allow the matter to proceed before the Court of Appeals for the Fifth Circuit for review in the ordinary course and *in advance of the 2024 congressional elections in Louisiana.*") (emphasis added).

In support of this extraordinary request, Appellants cite their intention to request that Fifth Circuit align itself with a later-decided

out-of-circuit panel decision that departs from decades of practice as well as from this Court's conclusion and the conclusion of every other circuit court to address the issue that Section 2 of the Voting Rights Act of 1965 ("VRA") provides a right of action to private parties. They further assert that their attorneys are simply too busy with other work and the holidays to prepare a petition for *en banc* review by the current deadline. These are not circumstances that suggest *en banc* review is likely to be granted and do not justify any delay, much less the extended and prejudicial delay Appellants seek. The Court should deny the request by Appellants to extend its deadline to submit a petition for *en banc* rehearing.

## **ARGUMENT**

Defendants have not established the requisite good cause for this Court to grant an extension of time to seek rehearing of the panel's decision. Fed. R. App. P. 26(b). Appellants predicate their extraordinary extension request on two assertions, neither of which is persuasive.

*First*, Appellants proffer "new and important precedent" from another circuit regarding the question of whether Section 2 confers a private right of action.  App. Mot. at 2 (citing *Ark. State Conf. NAACP* v. *Ark. Bd. of Apportionment*, No. 22-1395, 2023 WL 8011300, at *1 (8th

Cir. Nov. 20, 2023)). The Eighth Circuit's decision creates a circuit split on the issue with this Court's decision in this case as well as the Sixth and Eleventh Circuits. *See Robinson*, 2023 WL 7711063, at *4-5; *Mixon* v. *Ohio*, 193 F.3d 389, 406 (6th Cir. 1999); *Alabama State Conf. of NAACP* v. *Alabama*, 949 F.3d 647, 651–54 (11th Cir. 2020), *vacated on other grounds* 141 S. Ct. 2618 (2021).[1] It also defies Supreme Court precedent recognizing a private right of action under Section 2. *See Morse* v. *Republican Party of Va.*, 517 U.S. 186, 232 (1996) (plurality opinion) (finding private right of action under VRA § 10 to avoid inconsistency with recognized rights of action under §§ 2 and 5). Without addressing in whole the merits of Appellants' position, this circumstance is insufficient to justify a lengthy delay—or any delay—in the time to seek *en banc* review.

As an initial matter, Appellants' preference for the Eighth Circuit opinion over *this* Court's opinion in *this* case is not grounds for *en banc* rehearing. The only relief that Appellants could have achieved in their appeal of the district court's preliminary injunction was a vacatur of that

---

[1] In addition to these circuit court decisions, several district courts have addressed whether a private right of action exists under Section 2.

injunction, which is precisely what this Court ordered. Appellants'
suggestion that they would have preferred to have won on different
grounds is inappropriate—scarce judicial resources should be reserved
for instances where Appellants are injured by an adverse judgment.
Additionally, if Appellants believed the panel erred so seriously in its
ruling on the existence of a private right of action under Section 2 of the
Voting Rights Act, they could have sought *en banc* review within the time
allotted.  They need not have waited for a new, out-of-circuit decision the
pendency of which they were plainly already aware. Reply Brief of
Appellants, at 23-24 (citing *Ark. State Conf. of the NAACP* v. *Ark. Bd. of
Apportionment*, 586 F. Supp. 3d 893 (E.D. Ark. 2022)).

Moreover, delay is not justified where, as here, *en banc* review is
based on a circuit split that will not be resolved by reversal of the panel
decision. *See*, *e.g.*, *United States* v. *Lopez*, 58 F.4th 1108, 1109 (9th Cir.
2023) (statement of Nelson, J.) ("A circuit split will exist whether this
court changes its position, meaning we cannot satisfy 'the overriding
need for national uniformity' that often justifies *en banc* review.")
(citation omitted). "A petition for rehearing *en banc* is an extraordinary
procedure," one that is "intended to bring to the attention of the entire

Court an error of exceptional public importance or an opinion that directly conflicts with the prior Supreme Court, Fifth Circuit, or state law precedent." *See* Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit, at 34-35 (2023) (IOP). *En banc* reconsideration under the "exceptional public importance" prong of this Court's *en banc* IOP may be appropriate where the panel decision has *created* a circuit split. Here, however, it was the Eight Circuit's decision that created the circuit split, and reversing the panel decision of this Court would simply exacerbate, not resolve, that existing circuit split. *Lopez*, 58 F.4th at 1109; *accord Rodriguez* v. *Garland*, 31 F.4th 935, 936 (5th Cir. 2022) (Duncan, J., concurring) ("Our *en banc* resources are rarely well spent stirring up circuit splits."). The mere existence of a single contrary out-of-circuit decision on that issue—that arose after the panel's decision—does not transform this case into a proper candidate for the "extraordinary procedure" of *en banc* rehearing and, given the urgency here, does not justify an extension of time to seek *en banc* review.[2]

---

[2] Moreover, if Appellants are correct in their suggestion that the Arkansas decision is destined for further review by the Eighth Circuit or the Supreme Court, it makes

*Second*, Appellants cite to "overlapping commitments" by certain of its counsel in a separate Section 2 case beginning on November 27, as well as "the upcoming holidays," Appellant counsels' "extensive[]" travel between now and the new year," and "the expedited proceedings, which may culminate in a trial in early 2024." App. Mot. at 2-3. To put it mildly, these are not the "most compelling" of reasons. 5th Cir. R. 35.5. No one has forced Appellants to submit an extraordinary petition for *en banc* rehearing after the deadline imposed by Fed. R. App. P. 40, or to file an extension to do so the day before the Thanksgiving holiday. Moreover, all of the Appellants are represented by outside counsel with many lawyers on their rosters who are not involved in the upcoming trial. And the "expedited proceedings" leading to an early 2024 trial were granted at Appellants' insistence based on Appellants' representations about when this case must be tried and when the proceedings must conclude to allow for an orderly remedy in advance of the 2024 election.

Counter-balancing the scheduling concerns of Appellants' counsel, the requested extension would simply shift the briefing burdens onto

little sense for this Court to wade further into a thicket that may soon be resolved definitively in any case. *See* App. Mot. at 2.

Appellees. A 60-day extension would require Appellees to prepare any *en banc* briefing during the critical window of trial preparation and discovery into any new map enacted by the Legislature. A 14-day extension, in turn, would require Appellees to brief over the same holidays that Appellants regard as inviolable. Even an extension of this alternate length to file a petition for *en banc* rehearing—and the potential of subsequent briefing and oral argument, should the Court grant the petition—conflicts with the discovery and the preparations for trial that the parties will undertake over the next several weeks, and runs into the same scheduling issues in 2024 raised by the longer extension.[3]

No matter the length of the extension, the delayed *en banc* proceedings that would result from Appellants' request would run at cross purposes with the schedule contemplated by the Supreme Court, this Court and the district court and would risk the possibility that a map compliant with the VRA cannot be implemented in time for the 2024

---

[3] In addition, a two-week delay would do nothing to avoid the work conflicts of Appellants' counsel on which they base their motion. Indeed, it would require them to prepare their *en banc* petition at the very time they are in trial in the parallel VRA challenge to Louisiana's state legislative redistricting plans. *See* App. Mot. at 2-3 (citing the trial schedule in *Narine* v. *Ardoin*, No. 3:22-cv-178 (M.D. La.).

elections. Avoiding disruption of this Court's carefully considered schedule for the orderly resolution of Appellees' Section 2 claims surely outweighs the fully anticipated disruption to Appellants' work, travel, and holidays commitments stemming from their choice to file that application and their insistence on a trial before the 2024 election. Appellants' stated reasons simply do not meet the high bar necessary to grant an extension of time under these circumstances and given the severe prejudice it would impose on Appellees. 5th Cir. R. 27.4; 5th Cir. R. 35.5.

In sum, Appellants' requested extension would be inconsistent with this Court's recognition that "[t]here is not much time before initial deadlines for the next congressional election cycle are visible," and Appellants' explicit premise that "a trial can likely occur prior to harm occurring in the 2024 elections." *Robinson* v. *Ardoin*, No. 22-30333, 2023 WL 7711063, at *15–16 (5th Cir. Nov. 10, 2023). To avoid the "irreparable harm" of "forcing black voters to vote under a map that likely violates Section 2 is a continuing and live injury," *id.* at *15, this case must proceed to its next stage without further distraction.

## CONCLUSION

Time is of the essence. Louisiana voters, as this Court has recognized, suffer and will continue to suffer irreparable harm unless a VRA-compliant map is entered. *Id.* at *15. Appellants have tried again and again in multiple fora to delay relief from that harm, and this Court rightly set clear parameters for the orderly resolution of this case prior to the 2024 elections. Appellants' most recent request is an affront to that decision. The Court, the district court, the Louisiana Legislature, Appellees, and the people of Louisiana cannot proceed at a start-stop pace dictated by Appellants' every whim and disagreement with the Court's mandate.

For the foregoing reasons, the Appellants' request for an extension of time to file a petition for rehearing *en banc* should be denied.

Respectfully submitted,

/s/ Stuart Naifeh

ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ADAM P. SAVITT
ROBERT KLEIN
BRIDGET WARLEA
PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP
    1285 Avenue Of The Americas,
    New York,
    NY 10019
    Tel.: (212) 373-3000
    Fax: (212) 757-3990
    ratkins@paulweiss.com
    ycleary@paulweiss.com
    jhurwitz@paulweiss.com
    achakraborty@paulweiss.com
    asavitt@paulweiss.com
    rklein@paulweiss.com
    bwarlea@paulweiss.com

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
    125 Broad Street, 18th Floor
    New York, NY 10004
    slakin@aclu.org

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
    6 Everett Street, Ste. 4105
    Cambridge, MA 02138
    tthomaslundborg@law.harvard.edu

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
    40 Rector Street, 5th Floor
    New York, NY 10006
    Tel: (212) 965-2200
    laden@naacplef.org
    snaifeh@naacpldf.org
    ksadasivan@naacpldf.org
    vwenger@naacpldf.org

R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
    700 14th Street N.W. Ste. 600
    Washington, DC 20005
    Tel: (202) 682-1300
    jevans@naacpldf.org
    srohani@naacpldf.org

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
    915 15th St., NW
    Washington, DC 20005
    sbrannon@aclu.org
    mkeenan@aclu.org

Nora Ahmed
Stephanie Willis
ACLU Foundation of
  Louisiana
  *1340 Poydras St, Ste. 2160*
  *New Orleans, LA 70112*
  *Tel: (504) 522-0628*
  *nahmed@laaclu.org*
  *swillis@laaclu.org*

John Adcock
Adcock Law LLC
  *3110 Canal Street*
  *New Orleans, LA 70119*
  *Tel: (504) 233-3125*
  *Fax: (504) 308-1266*
  *jnadcock@gmail.com*

Tracie Washington
Louisiana Justice Institute
  *Suite 132*
  *3157 Gentilly Blvd*
  *New Orleans LA, 70122*
  *Tel: (504) 872-9134*
  *tracie.washington.esq@gmail.com*

*Counsel for the Robinson Plaintiffs*

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS,
LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*/s/ Abha Khanna*
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
ELIAS LAW GROUP LLP

250 Massachusetts Ave, NW
Suite 400 Washington, D.C.
20001
(202) 968-4490
dcohen@elias.law
age@elias.law
jshelly@elias.law

*Counsel for Galmon Plaintiffs*

November 24, 2023

## CERTIFICATE OF SERVICE

I, Stuart Naifeh, a member of the Bar of this Court and counsel for appellees certify that, on November 24, 2023, a copy of the foregoing was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Stuart Naifeh
STUART NAIFEH

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Stuart Naifeh, a member of the Bar of this Court and counsel for appellees certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that the foregoing is proportionately spaced, has a typeface of 14 points or more, except for footnotes, which are 12 points, and contains 1,844 words.

/s/ Stuart Naifeh
STUART NAIFEH

November 24, 2023