**No. 22-30333**

In the United States Court of Appeals

for the Fifth Circuit

———————————

PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE,
EDWIN RENE SOULE, ALICE WASHINGTON, CLEE
EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS,
AMBROSE SIMS, NAACP LOUISIANA STATE
CONFERENCE, AND POWER COALITION FOR EQUITY
AND JUSTICE,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT

———————————

EDWARD GALMON, SR., CIARA HART, NORRIS
HENDERSON, AND TRAMELLE HOWARD,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT

———————————

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
CIV. NO. 22-0211 & CIV. NO. 22-0214
(THE HONORABLE SHELLY D. DICK, C.J.)*

———————————

**APPELLEES' RESPONSE TO
PETITION FOR REHEARING EN BANC**

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
laden@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

JOHN ADCOCK
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
jnadcock@gmail.com

ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ADAM P. SAVITT
NEIL CHITRAO
ROBERT KLEIN
ARIELLE MCTOOTLE
BRIDGET WARLEA
PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York,
NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
nchitrao@paulweiss.com
rklein@paulweiss.com
amctootle@paulweiss.com
bwarlea@paulweiss.com

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
915 15th St., NW

NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
*swillis@laaclu.org*
*nahmed@laaclu.org*

TRACIE L. WASHINGTON
LOUISIANA JUSTICE INSTITUTE
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
*tracie.washington.esq@gmail.com*

Washington, DC 20005
*sbrannon@aclu.org*
*mkeenan@aclu.org*

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
*tthomaslundborg@law.harvard.edu*

*Counsel for Robinson Plaintiffs*

J. E. CULLENS, JR.
ANDRÉE MATHERNE CULLENS
S. LAYNE LEE
WALTERS, THOMAS,
  CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

ABHA KHANNA
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
*akhanna@elias.law*

Qizhou Ge
Jacob D. Shelly
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite
400 Washington, D.C. 20001
(202) 968-4490
*age@elias.law*
*jshelly@elias.law*

*Counsel for Galmon Plaintiffs*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**Intervenor Defendants-Appellants**: Clay Schexnayder and Patrick Page Cortez, in their official capacities as Speaker of the Louisiana House of Representatives and President of the Louisiana Senate, represented by Baker & Hostetler LLP attorneys Katherine L. McKnight, Richard B. Raile, E. Mark Braden, Michael W. Mengis, Patrick T. Lewis, Erika Dackin Prouty, and Renee M. Knudsen.

**Intervenor Defendant-Appellant**: State of Louisiana, by and through Attorney General Jeff Landry, represented by Louisiana's Office of the Attorney General attorneys Elizabeth Baker Murrill, Angelique Duhon Freel, Carey T. Jones, Jeffrey Michael Wale, Morgan Brungard, and Shae McPhee; and by Holtzman Vogel Josefiak Torchinsky PLLC attorneys Jason B. Torchinsky, Dallin B. Holt, Phillip Michael Gordon, Edward M. Wenger, and Drew C. Ensign.

**Defendant-Appellant**: R. Kyle Ardoin, in his official capacity as Secretary of State for Louisiana, represented by Shows, Cali & Walsh, LLP attorney John Carroll Walsh; and by Nelson Mullins Riley & Scarborough LLP attorneys Alyssa Riggins, Cassie Holt, John E. Branch, III, Phillip Strach, and Thomas A. Farr.

**Plaintiffs-Appellees**: Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Da vante Lewis, Martha Davis, Ambrose Sims, National for the Advance ment of Colored People Louisiana State Conference (NAACP), Power Coalition for Equity and Justice, represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP attorneys Adam Savitt, Amitav Chakraborty, Bridget Warlea, Jonathan Hurwitz, Robert A. Atkins, Robert Klein Yahonnes Cleary, Arielle McTootle, and Neil Chitrao;  by the NAACP Legal Defense Fund attorneys Jared Evans, Kathryn C. Sadasivan, Leah C. Aden, Sara Rohani, Stuart C. Naifeh, and Victoria Wenger;  by ACLU of Louisiana attorney Nora Ahmed;  by the ACLU attorneys Sarah E. Brannon, Sophia Lin Lakin, and Megan Keenan; by Harvard Law School Clinic attorney Tiffany Alora Thomas; and by attorneys Tracie L. Washington and John Nelson Adcock.

**Plaintiffs-Appellees**: Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, represented by Elias Law Group LLP attorneys Abha Khanna, Lalitha Madduri, Jacob D. Shelly, Daniel Cohen, and Qizhou Ge; and by Walters Thomas Cullens, LLC attorneys J.E. Cullens, Jr., Andree Matherne Cullens, and S. Layne Lee.

**Intervenor Plaintiffs-Appellees**: Vincent Pierre (Chairman of LLBC), represented by Arthur Ray Thomas of Arthur Thomas & Associates and Ernest L. Johnson, I. Louisiana Legislative Black Caucus (LLBC), represented by Stephen M. Irving of Steve Irving LLC and Ernest L. Johnson, I.

**Amici**: Alabama Attorney General Steve Marshall, Alabama Solicitor General Edmund G. LaCour Jr., Alaska Attorney General Treg Taylor, Mississippi Attorney General Lynn Fitch, Georgia Attorney General Chris Carr, Montana Attorney General Austin Knudsen, Idaho Attorney General Raúl R. Labrador, Nebraska Attorney General Michael T. Hilgers, Indiana Attorney General Theodore E. Rokita, South Carolina Attorney General Alan Wilson, Iowa Attorney General Brenna Bird, Texas Attorney General Ken Paxton, Kansas Attorney General Kris W. Kobach, and West Virginia Attorney General Patrick Morrisey.

vi

**Amici Below**: Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei, represented by Jenner & Block LLP attorneys Alex S. Trepp, Jessica Ring Amunson, and Sam Hirsch; and by Barrasso Usdin Kupperman Freeman & Sarver, LLC attorneys Judy Y. Barrasso and Viviana Helen Aldous.

/s/ *Stuart Naifeh*
STUART NAIFEH

DECEMBER 11, 2023

Table of Contents

INTRODUCTION ..................................................................1

BACKGROUND ..................................................................3

ARGUMENT ......................................................................6

    A.    Defendants Have Secured All Their Requested Relief and En Banc Rehearing Would Waste Judicial Resources. ...................................................................6

    B.    The Panel's Recognition of a Private Right of Action Does Not Warrant Rehearing En Banc. .........................8

        1.    The Panel's decision is consistent with Supreme Court and Fifth Circuit law. ...........................8

        2.    Defendants have not identified an exceptional error warranting en banc review. .................10

    C.    Defendants' Fourteenth and Fifteenth Amendment Argument Does Not Warrant En Banc Rehearing. .............15

CONCLUSION ...................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agostini* v. *Felton,*
   521 U.S. 203 (1997) ............................................................. 17

*Ala. State Conf. of NAACP* v. *Alabama,*
   949 F. 3d 647 (11th Cir. 2020), *vacated as moot* 141 S. Ct.
   2618 (2021) ................................................................ 10, 13

*Alexander* v. *Sandoval*
   532 U.S. at 286 ........................................................... 11, 12

*Allen* v. *Board of Elections,*
   393 U.S. 544 (1969) ......................................................... 13

*Allen* v. *Milligan,*
   599 U.S. 1 (2023) ....................................................... *passim*

*Ardoin* v. *Robinson,*
   142 S. Ct. 2892 (2022) ........................................................ 4

*Ardoin* v. *Robinson,*
   143 S. Ct. 2654 (2023) ..................................................... 1, 4

*Ark. State Conf. NAACP* v. *Ark. Bd. of Apportionment,*
   2023 WL 8011300 (Nov. 20, 2023) ..................................... 10, 13

*City of Mobile* v. *Bolden,*
   446 U.S. 55 (1980) .......................................................... 14

*United States* v. *Fletcher ex rel. Fletcher,*
   805 F.3d 596 (5th Cir. 2015) ............................................... 6, 7

*SEC* v. *Hallam,*
   42 F.4th 316 (5th Cir. 2022) ................................................ 16

*Jackson* v. *U.S. Postal Serv.,*
   666 F.2d 258 (5th Cir. 1982) ............................................... 16

*League of United Latin Am. Citizens* v. *Abbott,*
2021 WL 5762035 (W.D. Tex. Dec. 3, 2021)........................................ 13

*United States* v. *Lopez,*
58 F.4th 1108 (9th Cir. 2023) (statement of Nelson, J.).................... 11

*Mixon* v. *Ohio,*
193 F.3d 389 (6th Cir. 1999)........................................................... 10, 13

*Morse* v. *Republican Party of Virginia*
517 U.S. 186 (1996) ...........................................................2, 8, 12, 13

*United States* v. *Nixon,*
827 F.2d 1019 (5th Cir. 1987) ............................................................. 6

*OCA-Greater Houston* v. *Texas.*
867 F.3d 604 (5th Cir. 2017) ..........................................................2, 9

*Robinson* v. *Ardoin,*
86 F.4th 574 (5th Cir. 2023) ...............................................1, 5, 17, 19

*Shelby County* v. *Holder,*
570 U.S. 529 (2013) ....................................................................17, 18

*Matter of Sims,*
994 F.2d 210 (5th Cir. 1993)................................................................ 6

*Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard College,*
143 S. Ct. 2141 (2023) ....................................................................... 17

*Thornburg* v. *Gingles,*
478 U.S. 30 (1986) ........................................................................14, 18

*Veasey* v. *Perry,*
29 F. Supp. 3d 896 (S.D. Tex. 2014) ................................................... 13

**Statutes**

42 U.S.C. § 1983.................................................................................... 7

52 U.S.C. § 10301(a) ........................................................................... 12

52 U.S.C. § 10302(a) ................................................................. 12

52 U.S.C. § 10310(e) ................................................................. 12

Pub. L. No. 91-285, 84 Stat. 314 (1970) .................................... 13

Pub. L. No. 94-73, 89 Stat. 400 (1975) ...................................... 13

Pub. L. No. 97-205, 96 Stat. 131 (1982) .................................... 13

Pub. L. No. 109-246, 120 Stat. 577 (2006) ........................... 13, 14

## Other Authorities

5th Cir. R. 35 ............................................................................ 6

5th Cir. R. 35 I.O.P. ........................................................... 2, 6, 8

Fed. R. App. P. 35 ........................................................... 2, 6, 8, 10

Fed. R. Civ. P. 5.1 ................................................................... 16

H.R. Rep. No. 97-227 .......................................................... 14, 15

S. Rep. No. 97-417 ................................................................. 14

## **INTRODUCTION**

Defendants' request for rehearing of a ruling *granting* the relief they sought from this Court is wholly inappropriate and a waste of judicial resources.  Defendants asked on appeal that the district court's preliminary injunction be vacated, that the Louisiana Legislature be given an opportunity to craft a remedial map, and that the district court be directed, if necessary, to hold a prompt trial on the merits in advance of the 2024 congressional elections.  *See*, *e.g.*, Defs.' Suppl. Br. at 38–39. That is precisely what the panel ruling did.  *Robinson* v. *Ardoin*, 86 F. 4th 574, 601–02 (5th Cir. 2023).  There is no further relief that the en banc court could provide at this juncture.  That posture strongly counsels against rehearing.

En banc rehearing also threatens to delay the trial on the merits that Defendants have long claimed to want, which would defy the directive from the Supreme Court to resolve this matter "in advance of the 2024 congressional elections in Louisiana." *Ardoin* v. *Robinson*, 143 S. Ct. 2654 , 2654 (2023); *see also Robinson*, 86 F.4th at 584 (merits panel emphasizing the need for the district court "to conclude all necessary proceedings in sufficient time to allow at least initial review by this court

and for the result to be used for the 2024 Louisiana congressional elections").

Defendants' petition fails to demonstrate that this case is appropriate for en banc rehearing. En banc rehearing is warranted when necessary to secure or maintain the uniformity of the Court's decisions by correcting "direct[] conflicts" with prior Supreme Court or Fifth Circuit precedent, or where there is an "error of exceptional public importance." 5th Cir. R. 35 I.O.P. Neither circumstance is present here.

First, as the panel ruled, the existence of a private right of action is consistent with the Supreme Court's decision in *Morse* v. *Republican Party of Virginia*, 517 U.S. 186, 232, 240 (1996), and this Court's ruling in *OCA-Greater Houston* v. *Texas*. 867 F.3d 604, 614 (5th Cir. 2017). Reversing the panel's ruling would upend the uniformity of the Court's decisions, not secure or maintain it. Second, the arguments Defendants urge—that Section 2 is not enforceable by private plaintiffs and that Section 2 is unconstitutional—are meritless and contrary to *Allen* v. *Milligan*, 599 U.S. 1 (2023), and decades of precedent.

Defendants' petition for en banc review should be denied.

## BACKGROUND

After the 2020 census, Louisiana was required to reapportion its six congressional districts.    Like every state throughout the nation, Louisiana was required to conform its districts to Section 2 of the Voting Rights Act of 1965 ("VRA").    On March 30, 2022, the Louisiana Legislature adopted a congressional redistricting plan that provided for only one majority-Black district—a district encompassing the State's two largest Black population centers in New Orleans and Baton Rouge.  In so doing, the Legislature ignored alternative maps that would have satisfied the VRA and traditional redistricting principles, the significant growth of Louisiana's Black population, and the extreme racially polarized voting that persists in the State.

Plaintiffs commenced this action and moved to preliminarily enjoin the enacted map on the ground that it violated Section 2 of the VRA. After a five-day evidentiary hearing, the district court granted the Plaintiffs' motion for a preliminary injunction.  *Robinson* v. *Ardoin*, 605 F. Supp. 3d 759, 766–67 (M.D. La. 2022).

Defendants appealed to the Fifth Circuit and concurrently sought a stay of the preliminary injunction.  A unanimous motions panel denied

3

the stay, rejecting Defendants' legal arguments and deferring to the careful factual findings of the district court. *See* Op. Denying Stay, Doc. 89-1 at 33. The panel rejected without discussion the Legislative Intervenors' argument that Section 2 does not confer a private right of action and concluded that Defendants had not demonstrated a likelihood of success in their appeal. *Id.*

In June 2022, the Supreme Court stayed the district court's preliminary injunction, granted certiorari, and held these proceedings in abeyance pending its decision in *Allen* v. *Milligan*. *See Ardoin* v. *Robinson*, 142 S. Ct. 2892, 2892 (2022). Accordingly, the 2022 congressional elections were held pursuant to the map that the district court had ruled likely unlawfully diluted the votes of Louisiana's Black voters.

In June 2023, the Supreme Court upheld the constitutionality of Section 2 in an action commenced by private plaintiffs. *See Milligan*, 599 U.S. at 16. Shortly thereafter, the Court dismissed the writ of certiorari in this case as improvidently granted and vacated its stay. *Robinson*, 143 S. Ct. at 2654. The Court emphasized that doing so would "allow the matter to proceed before the Court of Appeals for the Fifth Circuit in the

ordinary course and in advance of the 2024 congressional elections in Louisiana." *Id.*

The district court then rescheduled a hearing on the remedial phase of its preliminary injunction. In parallel, the parties completed briefing, supplemental briefing, and oral argument before the merits panel. At oral argument on the merits, Defendants again pressed for a trial. They represented that the election could be held under a remedial map if it were in place by the end of May 2024. *Robinson*, 86 F.4th at 584.

The panel granted the relief Defendants said they wanted. It vacated the preliminary injunction on the ground that there was sufficient time to try the case before the 2024 election and instructed the district court to set the case for trial. *Id.* at 601–02.

The panel rejected Defendants' challenges to the district court's findings and legal conclusions. As relevant here, the panel upheld the existence of a private right of action under Section 2, which Congress, the Supreme Court, and multiple lower federal courts have long acknowledged. The panel rejected Defendants' other legal arguments and found no clear error in the district court's careful factual findings. *Id.* at 598–99.

The district court has scheduled a trial on the merits to be concluded in time for a new map to be implemented by the end of May 2024, the date the Defendants represented would avoid any conflict with the 2024 election calendar.

## ARGUMENT

En banc rehearing is "not favored" and "ordinarily will not be ordered." *See* Fed. R. App. P. 35(a). Defendants have not met their burden to demonstrate that this "extraordinary procedure"—representing a "serious call on limited judicial resources"—is justified. *See* 5th Cir. R. 35.1; 5th Cir. R. 35 I.O.P.; *see also United States* v. *Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987).

### A. Defendants Have Secured All Their Requested Relief and En Banc Rehearing Would Waste Judicial Resources.

En banc review is particularly inappropriate where, as here, Defendants have obtained the relief they sought before the panel. "It is more than well-settled that a party cannot appeal from a judgment unless 'aggrieved' by it. Simply stated, a party who has obtained a judgment in his favor, granting the relief sought, is not aggrieved by it." *Matter of Sims*, 994 F.2d 210, 214 (5th Cir. 1993) (citation omitted); *see also United States* v. *Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir.

2015). Defendants expressly asked the Fifth Circuit to "vacate or reverse the preliminary injunction" and "remand this matter to the district court with instructions to conduct a trial on the merits in time for the 2024 congressional elections." Defs.' Suppl. Br., Doc. 260-1 at 38–39. This is the relief that the panel afforded. *Robinson*, 86 F.4th at 601–02.

In any event, even if Defendants were correct that Section 2 does not itself provide a private right of action (they are not), resolution of that issue would be of limited practical significance to the litigants in this case. Plaintiffs here (unlike the plaintiffs in the Eighth Circuit) have pleaded their Section 2 cause of action under both the VRA and 42 U.S.C. § 1983, which confers a private right of action for violations of rights secured by federal statutes like the Voting Rights Act. *See Robinson* Compl. at 51–52 (First Cause of Action).[1] Defendants have never argued—in the district court or on appeal—that Plaintiffs may not proceed by way of Section 1983. Thus, a ruling in favor of Defendants on whether Section 2 grants a private right of action would not be dispositive of this case.

---

[1] While the *Galmon* Plaintiffs' complaint does not directly mention § 1983, an issue that would not resolve the consolidated case is unworthy of en banc review.

In these circumstances, en banc review is an unnecessary and inappropriate demand on this Court's limited judicial resources.

## B.    The Panel's Recognition of a Private Right of Action Does Not Warrant Rehearing En Banc.

En banc review is appropriate where the panel decision "directly conflicts with prior Supreme Court, Fifth Circuit or state law precedent," or contains "an error of exceptional public importance," 5th Cir. R. 35 I.O.P., including where the decision "conflicts with the authoritative decisions of other United States Courts of Appeals," Fed. R. App. P. 35(b)(1)(B). In arguing for en banc review of the panel's recognition of a private right of action to enforce Section 2 of the VRA, Defendants fall far short of demonstrating either.

### 1.    The Panel's decision is consistent with Supreme Court and Fifth Circuit law.

In *Morse*, a majority of justices held that Congress had authorized private enforcement of Section 10 of the VRA. *See* 517 U.S. at 232 (opinion of Stevens, J., joined by Ginsburg, J.); *id.* at 240 (Breyer, J., concurring, joined by O'Connor & Souter, JJ.). That conclusion was expressly predicated on the existence of a private right of action to enforce Section 2, and specifically the desire to maintain uniformity in the interpretation of the VRA's rights-creating provisions. *Id.* at 232

(opinion of Stevens, J.) ("It would be anomalous … to hold that both § 2 and § 5 are enforceable by private action but § 10 is not, when all lack the same express authorizing language."); *id.* at 240 (Breyer, J., concurring) ("I do not know why Congress would have wanted to treat enforcement of § 10 differently from enforcement of §§ 2 and 5 …."). For this Court to hold otherwise, as Defendants urge, would create—not resolve—a conflict with *Morse* and is not grounds for en banc rehearing.

Reversing the panel's recognition of a private right of action would also conflict with this Court's decision in *OCA*, another case brought by private litigants. 867 F.3d at 614. Defendants argue that *OCA* concerned only whether Congress abrogated sovereign immunity—not whether it conferred a private right of action. Defs.' Pet., Doc. 353-1 at 6–7. But in *OCA*, this Court held that the VRA—as a whole—abrogated sovereign immunity. 867 F.3d at 614. Because states are not immune from suit by the United States, *United States* v. *Mississippi*, 380 U.S. 128, 140 (1965), there would be no need for Congress to have abrogated sovereign immunity if the VRA were not privately enforceable. 867 F.3d at 614, n.46 (citing the Sixth Circuit's decision in *Mixon*, a Section 2 case brought by private parties). Reversing the panel would create a conflict in Fifth

9

Circuit law, leaving in place *OCA*'s recognition that the VRA abrogates state sovereign immunity but holding that it did so for the benefit of no one.

      2.    Defendants have not identified an exceptional error warranting en banc review.

Defendants contend that en banc review is justified on the ground that the "panel decision conflict[s] with the authoritative decisions of other United States Courts of Appeals." Defs.' Pet. at 15–16 (citing Fed. R. App. P. 35(b)(1)(B)). When it was issued, the panel decision was consistent with the only other circuits to have considered the issue. *See Ala. State Conf. of NAACP* v. *Alabama*, 949 F. 3d 647, 652 (11th Cir. 2020), *vacated as moot* 141 S. Ct. 2618 (2021); *Mixon* v. *Ohio*, 193 F.3d 389, 398–99 (6th Cir. 1999). The Eighth Circuit's later decision created a circuit split. *Ark. State Conf. of NAACP* v. *Ark. Bd. of Apportionment*, 2023 WL 8011300 (8th Cir. Nov. 20, 2023). Reversing the panel decision of this Court would not resolve that circuit split, however; at most, it would change the line-up on either side of the split. That does not create the "extraordinary" circumstances contemplated by Rule 35. *See*, *e.g.*, Fed. R. App. P. 35(b)(1)(B) (suggesting that en banc review is appropriate for authoritative conflicts with "decisions" (plural) of sister circuits); *see*

*also, e.g.*, *United States* v. *Lopez*, 58 F.4th 1108, 1109 (9th Cir. 2023) (statement of Nelson, J.) ("A circuit split will exist whether this court changes its position, meaning we cannot satisfy 'the overriding need for national uniformity' that often justifies en banc review."). Further, appellants in the Arkansas case have sought rehearing or rehearing en banc by the Eighth Circuit of that court's decision, reversal of which would restore uniformity across all circuits. *See* Petition for Rehearing and/or Rehearing En Banc, Civ. No. 22-1395 (8th Cir. Dec. 11, 2023). Regardless of the disposition of that request, a petition for certiorari of the Eighth Circuit panel decision to the Supreme Court also remains possible.

Moreover, the panel's decision can hardly be described as "an error of exceptional public importance" when it is consistent with the text of the VRA and congressional intent, and reversing it would run headlong into decades of the Supreme Court's and this Court's precedent entertaining Section 2 cases brought by private litigants.

*First*, the VRA's text confirms the availability of a private cause of action to enforce Section 2, under the Supreme Court's framework in *Alexander* v. *Sandoval*, 532 U.S. 275 (2001). Section 2's protection of the

11

"right of any citizen . . . to vote" free from racial discrimination (52 U.S.C. § 10301(a)) shows Congress's intent to create a private right: it explicitly mentions a "right" and focuses on the individuals protected. *See Sandoval*, 532 U.S. at 286. And Sections 3 and 14 of the VRA demonstrate the statute's "intent to create not just a private right but also a private remedy" for the prohibitions on racial discrimination contained in Section 2. *Id.* Section 3 provides broadly for relief in a "proceeding" brought by "the Attorney General *or an aggrieved person* . . . under *any statute* to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10302(a) (emphasis added). Section 14(e) allows for "the prevailing party, *other than the United States*" to seek attorneys' fees "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10310(e). Taken together, the statutory text makes clear the intent of Congress to confer on aggrieved persons—*i.e.*, private plaintiffs—the right to enforce the Act. *See Morse*, 517 U.S. at 233 (plurality) (concluding that Sections 3 and 14 recognize private rights of action under the VRA).

12

*Second,* these conclusions are confirmed by decades of consistent rulings by the Supreme Court, and, until the *Arkansas State Conference* case, by every court of appeals and district court to address the issue. *See e.g., Morse*, 517 U.S. at 232 (opinion of Stevens, J.) (holding the VRA confers private rights of action to enforce Sections 2, 5, and 10); *Allen* v. *Board of Elections*, 393 U.S. 544 (1969) (holding that Section 5 confers a private right of action); *Ala. State Conf. of NAACP*, 949 F.3d at 652 ("The language of § 2 and § 3, read together . . . provides remedies to private parties to address violations under the statute."); *Mixon*, 193 F.3d at 398–99 (same); *League of United Latin Am. Citizens* v. *Abbott*, 2021 WL 5762035, at *1 (W.D. Tex. Dec. 3, 2021) (three-judge court) (holding that there is a private cause of action to enforce Section 2); *Veasey* v. *Perry*, 29 F. Supp. 3d 896, 905–07 (S.D. Tex. 2014) (same).

*Third*, Congress has ratified these rulings by repeatedly reenacting the VRA.  Congress has amended the VRA in 1970, 1975, 1982, and 2006. *See* Pub. L. No. 91-285, 84 Stat. 314 (1970); Pub. L. No. 94-73, 89 Stat. 400 (1975); Pub. L. No. 97-205, 96 Stat. 131 (1982); Pub. L. No. 109-246, 120 Stat. 577 (2006).  In amending the VRA in 1982, following the uproar over the Supreme Court's interpretation of Section 2 to reach only

intentional discrimination in *City of Mobile* v. *Bolden*, 446 U.S. 55 (1980)—a case brought by individual voters—Congress made no change suggesting *Bolden* was wrong in allowing private enforcement of Section 2. *Accord Thornburg* v. *Gingles*, 478 U.S. 30 (1986) (interpreting the 1982 amendments to Section 2 in an action brought by private plaintiffs). After the Court affirmed the existence of a private right of action under Section 2 in *Morse*, Congress again reauthorized and amended the VRA and again took no action to deprive private litigants of the ability to pursue Section 2 claims. *See* Pub. L. 109–246, 120 Stat. 577 (2006).

*Fourth,* legislative history confirms that Congressional ratification of long-recognized private rights of action under Section 2 was no accident. The Supreme Court recognizes the Senate Report adopted with the 1982 amendment to the VRA as the "authoritative source for legislative intent" about Section 2. *Gingles*, 478 U.S. at 43 n.7. There, Congress clearly stated its intent that citizens have a private cause of action to enforce these rights. S. Rep. No. 97-417, at 30 (The Senate VRA Committee "reiterate[d] the existence of the private right of action under Section 2, as has been clearly intended by Congress since 1965."); *see also*

H.R. Rep. No. 97-227, at 32 ("It is intended that citizens have a private cause of action to enforce their rights under Section 2.").

### C.    Defendants' Fourteenth and Fifteenth Amendment Argument Does Not Warrant En Banc Rehearing.

As an afterthought, Defendants propose that Section 2 may even be unconstitutional, clinging to Justice Kavanaugh's *refusal* in a *sole concurrence* to make *new law* on an issue that Alabama had *forfeited*.[2]

In *Milligan*, the Supreme Court reviewed a district court's order enjoining use of Alabama's congressional map for violating Section 2 by failing to include a second district where Black voters could elect their candidate of choice.  599 U.S. at 16–17.  In affirming that injunction, the Supreme Court rejected Alabama's argument that the Constitution "does not authorize race-based redistricting as a remedy for § 2 violations," and upheld Section 2's constitutionality, explaining that it was "not persuaded by Alabama's arguments that § 2 as interpreted in *Gingles* exceeds the remedial authority of Congress."  *Id.* at 41.

---

[2] In their motion for extension of time to petition for rehearing en banc, Defendants indicated the sole basis of their petition would be the private right of action issue. ECF 344 at 2.

Justice Kavanaugh's two sentences declining to consider the possibility that Section 2's constitutionality could expire sometime in the future, *id.* at 45 (Kavanaugh, J., concurring), do not warrant rehearing en banc. *First*, like Alabama, Defendants have forfeited this issue. Their petition does not identify any instance where they argued to the district court or in their opening brief on appeal that changing circumstances have rendered Section 2 unconstitutional.[3]   By their own admission, Defendants raised this argument for the first time in an August 7, 2023, supplemental brief solicited by the panel to address the relevance of intervening authority.  *See* Defs.' Pet., Doc 353-1 at 10 (citing Defs.' Suppl. Br. and Suppl. Reply).  But courts of appeal do not resolve issues not timely raised.  *See SEC* v. *Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) ("[A]ny issue not raised in an appellant's opening brief is forfeited."); *Jackson* v. *U.S. Postal Serv.*, 666 F.2d 258, 260–61 (5th Cir. 1982) (recognizing an appellate court ordinarily "does not give consideration to issues not raised below").

---

[3] Likewise, the Defendants never filed the required notice under Fed. R. Civ. P. 5.1 that they intended to challenge the constitutionality of Section 2.

*Second*, Defendants incorrectly suggest that the Supreme Court quietly overruled its *Milligan* decision by way of principles purportedly extracted from "some other line of decisions," *Agostini* v. *Felton*, 521 U.S. 203, 237 (1997)—namely, *Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard College* ("*SFFA*"), 143 S. Ct. 2141 (2023), and *Shelby County* v. *Holder*, 570 U.S. 529(2013).  Pet. 10.  *SFFA* and *Shelby County* are not analogous to this action, and neither decision casts doubt on Section 2's constitutionality.  *SFFA*, a case that weighed the interests offered in defense of university admissions criteria (which differ significantly from Congress's interests in ensuring equal voting rights, *see Robinson*, 86 F.4th at 593), explicitly reiterated that "race-based government action" is permissible to "remediat[e] specific, identified instances of past discrimination that violated the Constitution or a statute." *SFFA*, 143 S. Ct. at 2162.  The district court below determined that Plaintiffs are likely to prove precisely such a violation, necessitating the injunction.  *Robinson*, 605 F. Supp. 3d at 851.  *Shelby County*, in turn, struck down the coverage formula in Section 4 of the Voting Rights Act, which subjected select jurisdictions to heightened federal oversight according to historical instances of discrimination.   570 U.S. at 544

17

(faulting departure from principle of equal sovereignty among the states). In so ruling, the Court emphasized that Section 2 remains a "permanent, nationwide ban on racial discrimination in voting." *Id.* at 557. And under *Gingles*, judicial intervention under Section 2 is triggered by *present-day* demographic and voting patterns, ongoing discrimination, and a contemporary environment of racialized politics. *See* 478 U.S. 30, 45 (1986) (explaining relevant test "depends upon a searching practical evaluation of the 'past and present reality.'"). And unlike Section 4's coverage formula, Section 2 has a built-in sunset provision: "[A]s residential segregation decreases—as it has sharply done since the 1970s," *Milligan* explained, "satisfying traditional districting criteria such as the compactness requirement becomes more difficult" in jurisdictions across the country, effectively immunizing them from liability for Section 2 vote dilution claims. 599 U.S. at 28–29 (internal quotations omitted).

*Third*, the district court found it is a "well-known and easily demonstrable fact" that residential segregation in Louisiana "still prevails in the current day." *Robinson*, 605 F. Supp. 3d at 784. Defendants do not contest this finding. Indeed, Defendants pay little

attention to *any* of the facts found by the district court and instead attack a pair of Louisiana congressional maps from 30 years ago, despite the fact that those maps bear no resemblance whatsoever to the proposals sponsored by Plaintiffs in this litigation. *See id.* at 852 ("The Court considered and rejected Defendants' contention that *Hays* maps are useful comparators here or that *Hays* is instructive, applicable, or otherwise persuasive. It is not."); *id.* at 831–34 (similar).

The closest Defendants come to addressing contemporary circumstances in Louisiana is the citation-free assertion that "voting in Louisiana has become less racially polarized." Defs.' Pet. at 13–14. The Section 2 test established by the Supreme Court, however, does not ask whether polarization has varied by some unspecified degree from some unspecified moment in history; it asks whether, at present, "the challenged districting thwarts a distinctive minority vote." *Milligan*, 599 U.S. at 19. In Louisiana, it does. *Robinson*, 605 F. Supp. 3d at 839–44 (finding the white crossover voting that Defendants tout insufficient to elect Black-preferred candidates in the enacted map); *Robinson*, 86 F.4th at 596 (confirming district court applied correct standard).

## <u>CONCLUSION</u>

Defendants' petition for rehearing en banc should be denied.

Respectfully submitted,

/s/ Stuart Naifeh

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
  40 Rector Street, 5th Floor
  New York, NY 10006
  Tel: (212) 965-2200
  laden@naacplef.org
  snaifeh@naacpldf.org
  ksadasivan@naacpldf.org
  vwenger@naacpldf.org

R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
  700 14th Street N.W. Ste. 600
  Washington, DC 20005
  Tel: (202) 682-1300
  jevans@naacpldf.org
  srohani@naacpldf.org

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
  915 15th St., NW
  Washington, DC 20005
  sbrannon@aclu.org
  mkeenan@aclu.org

ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ADAM P. SAVITT
NEIL CHITRAO
ROBERT KLEIN
ARIELLE MCTOOTLE
BRIDGET WARLEA
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  1285 Avenue Of The Americas,
  New York,
  NY 10019
  Tel.: (212) 373-3000
  Fax: (212) 757-3990
  ratkins@paulweiss.com
  ycleary@paulweiss.com
  jhurwitz@paulweiss.com
  achakraborty@paulweiss.com
  asavitt@paulweiss.com
  rklein@paulweiss.com
  amctootle@paulweiss.com
  nchitrao@paulweiss.com
  bwarlea@paulweiss.com

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
  125 Broad Street, 18th Floor
  New York, NY 10004
  slakin@aclu.org

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC

HARVARD LAW SCHOOL
  *6 Everett Street, Ste. 4105*
  *Cambridge, MA 02138*
  *tthomaslundborg@law.harvard.edu*
NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF
  LOUISIANA
  *1340 Poydras St, Ste. 2160*
  *New Orleans, LA 70112*
  *Tel: (504) 522-0628*
  *nahmed@laaclu.org*
  *swillis@laaclu.org*

TRACIE WASHINGTON
LOUISIANA JUSTICE INSTITUTE
  *Suite 132*
  *3157 Gentilly Blvd*
  *New Orleans LA, 70122*
  *Tel: (504) 872-9134*
  *tracie.washington.esq@gmail.com*

JOHN ADCOCK
ADCOCK LAW LLC
  *3110 Canal Street*
  *New Orleans, LA 70119*
  *Tel: (504) 233-3125*
  *Fax: (504) 308-1266*
  *jnadcock@gmail.com*

*Counsel for the Robinson Plaintiffs*

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*/s/ Abha Khanna*
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Qizhou Ge
Jacob D. Shelly
ELIAS LAW GROUP LLP

250 Massachusetts Ave, NW
Suite 400 Washington, D.C.
20001
(202) 968-4490

age@elias.law
jshelly@elias.law

*Counsel for Galmon Plaintiffs*

December 11, 2023

## **CERTIFICATE OF SERVICE**

I, Stuart Naifeh, a member of the Bar of this Court and counsel for Plaintiffs certify that, on December 11, 2023, a copy of the foregoing was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ *Stuart Naifeh*
STUART NAIFEH

**<u>CERTIFICATE OF COMPLIANCE</u>**
**<u>WITH TYPEFACE AND WORD-COUNT LIMITATIONS</u>**

I, Stuart Naifeh, a member of the Bar of this Court and counsel for Plaintiffs certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that the foregoing is proportionately spaced, has a typeface of 14 points or more, except for footnotes, which are 12 points, and contains 3,887 words.

*/s/ Stuart Naifeh*
STUART NAIFEH

December 11, 2023